ANGELITA TOLLY *v.* DEPARTMENT
OF HUMAN RESOURCES
(14515)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and KATZ, Js.

Argued December 8, 1992—decision released March 9, 1993

---

*Ann McClure,* for the appellant (plaintiff).

*Judith A. Merrill,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellee (defendant).

BORDEN, J. The sole issue in this appeal is whether service of an administrative appeal by certified mail pursuant to General Statutes § 4-183 (c) (1)[1] of the Uni-

---

[1] General Statutes § 4-183 provides in relevant part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.

"(b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.

"(c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of Hartford-New Britain. Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not

form Administrative Procedure Act (UAPA) requires a citation. The plaintiff, Angelita Tolly, appealed to the Superior Court from a decision of the defendant, the department of human resources, revoking her family day care home registration. The trial court granted the defendant's motion to dismiss the administrative appeal because the appeal lacked a citation.

The Appellate Court affirmed the judgment of dismissal in a per curiam decision; *Tolly* v. *Department of Human Resources,* 26 Conn. App. 938, 600 A.2d 1390 (1992); deeming the issue controlled by its three prior decisions: *Shapiro* v. *Carothers,* 23 Conn. App. 188, 579 A.2d 583 (1990); *Senie* v. *Carothers,* 22 Conn. App. 253, 576 A.2d 1312 (1990); and *DelVecchio* v. *Department of Income Maintenance,* 18 Conn. App. 13, 555 A.2d 1007 (1989). We granted certification to appeal on the following issue: "Did the Appellate Court correctly affirm the judgment of the Superior Court dismissing a petition for administrative appeal that was properly served on all necessary parties by United States certified mail as expressly permitted by Connecticut General Statutes § 4-183 (c) (1), for the stated reason that no citation form was appended to the petition?" *Tolly* v. *Department of Human Resources,* 221 Conn. 922, 608 A.2d 687 (1992). We now reverse.

The facts are undisputed. On December 7, 1990, the defendant issued a final decision revoking the plaintiff's family day care home registration. On January 17, 1991, the plaintiff filed in the trial court an administrative appeal challenging the validity of that decision. The administrative appeal identified the plaintiff and

---

deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) *United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer,* or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions." (Emphasis added.)

the defendant, the specific judicial district and location of the court, the return date, and the date and nature of the decision from which the plaintiff appealed.[2] It did not contain a citation, or any language approximating a citation. Attached to the appeal was a certification executed by the plaintiff's counsel indicating that she had served the appeal by certified mail on twelve named persons, including the commissioner of human resources and the attorney general. On January 31, 1991, the plaintiff's counsel filed an "Affidavit Regarding Service of Administrative Appeal Dated Janu-

---

[2] The administrative appeal was headed as follows:

"RETURN DATE:  FEBRUARY 19, 1991    :    SUPERIOR COURT
ANGELITA TOLLY,    :    JUDICIAL DISTRICT OF
       Appellant    :    HARTFORD/NEW BRITAIN
v.    :
CONNECTICUT DEPARTMENT OF    :    AT HARTFORD
HUMAN RESOURCES,    :
       Appellee    :    JANUARY 16, 1991

PETITION FOR ADMINISTRATIVE APPEAL

TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF HARTFORD/NEW BRITAIN AT HARTFORD comes Angelita Tolly of 7 Duncaster Road, Bloomfield, Connecticut, appealing from the December 7, 1990 Final Hearing Decision of the Department of Human Resources revoking appellant's family day care home registration No. 23,260, petitioning this Court for judicial review thereof, and complains and says: . . . ."

The appeal concluded as follows:

"WHEREFORE, appellant Angelita Tolly appeals from the decision of the Department of Human Resources and petitions this Court to sustain her appeal, vacate and set aside the hearing decision, and order reinstatement of Ms. Tolly's family day care home registration.

Dated at Hartford, Connecticut this 16th day of January 1991.

APPELLANT,
ANGELITA TOLLY
By    (Signed) Ann McClure
     Ann McClure
     DAY, BERRY & HOWARD
     City Place
     Hartford, CT 06103-3499
     (203) 275-0100"

ary 16, 1991," indicating that she had mailed, by postage prepaid certified mail, return receipt requested, a copy of the appeal to the twelve named persons, and attaching their return receipts dated January 17, 1991.

On February 20, 1991, the defendant moved to dismiss the appeal, asserting that "[t]he court has no subject matter jurisdiction because the plaintiff failed to include a citation in her appeal." The trial court granted the motion on the authority of the Appellate Court's decision in *Senie* v. *Carothers,* supra. This appeal followed.

The plaintiff raises several claims on appeal, all of which, however, distill into the fundamental claim that proper service of an appeal pursuant to § 4-183 (c) (1) does not require a citation. We agree.

Both the plaintiff and the defendant agree, as do we, that whether service of process by certified mail pursuant to § 4-183 (c) (1) requires a citation is a matter of statutory construction. Thus, it is not persuasive that, as the plaintiff suggests, Practice Book § 49 provides that the judicial department form for a summons in a civil action "shall not be used in . . . [a]dministrative appeals."[3] Nor is it persuasive that, as the

---

[3] At the time of the plaintiff's filing of her administrative appeal, Practice Book § 49 provided: "MESNE PROCESS

"Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. Except in those actions and proceedings indicated below, the writ of summons shall be on a form substantially in compliance with Form 503.1 (JD-FM-3) in family actions and with Form 103.1 (JD-CV-1) in other civil actions. If any person is proceeding without the assistance of counsel, he shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Sec. 51, shall sign it.

"Form 503.1 (JD-FM-3) and Form 103.1 (JD-CV-1) shall not be used in

defendant points out, Practice Book § 256 provides that, "[f]or purposes of these rules, administrative appeals are civil actions."[4]

"In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 18. The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command." (Internal quotation marks omitted.) *McQuillan* v. *Department of Liquor Control*, 216 Conn. 667, 671, 583 A.2d 633 (1990); see also *Hillman* v. *Greenwich*, 217 Conn. 520, 525, 587 A.2d 99 (1991) (citation is command to duly

the following actions and proceedings which are commenced after the effective date of this amendment (January 16, 1978):

(1) Applications for change of name.

(2) Proceedings pertaining to arbitration.

(3) Probate appeals.

(4) Administrative appeals.

(5) Juvenile court appeals.

(6) Verified petitions for paternity.

(7) Verified petitions for support orders.

(8) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

"A plaintiff may, before service on a defendant, alter printed forms JD-FM-3 and JD-CV-1 in order to make them conform to any amendments to Practice Book Forms 503.1 or 103.1 or to any relevant amendments to Practice Book rules."

[4] Practice Book § 256 provides: "ADMINISTRATIVE APPEALS ARE CIVIL ACTIONS

"For purposes of these rules, administrative appeals are civil actions. Whenever these rules refer to civil actions, actions, civil causes, causes or cases, the reference shall include administrative appeals except that (a) appeals from judgments of the superior court in administrative appeals shall be by certification only as provided by Gen. Stat., § 51-197b as amended, and by chapter 55 of these rules; and (b) an administrative appeal shall not be deemed an action for purposes of Gen. Stat., §§ 52-591, 52-592 or 52-593."

authorized officer to summon defendant to appear in court on specific day to answer complaint); *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 413, 378 A.2d 519 (1977) (citation is direction to officer to summon agency whose decision is being appealed). A proper citation, therefore, requires not only the signature of a competent authority, such as a commissioner of the Superior Court, but the direction to a competent authority, such as a sheriff, constable or indifferent person, to summon the defendant to appear in court. 1 E. Stephenson, supra.

With this background in mind, we turn to the question of whether § 4-183 (c) (1) requires a citation. Considering the text of § 4-183 (c) (1), in the context of the statute as a whole, its purpose and its legislative history, we conclude that service of process pursuant to § 4-183 (c) (1) does not require a citation.

Section 4-183 (c) (1) provides: "Service of the [administrative] appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer." There is nothing in this plain language that suggests the need for anything more than mailing copies of the appeal in the specified manner, as the plaintiff did in this case. The text does not, either directly or by way of implication, provide for a citation.

Furthermore, reading the statute as a whole reinforces the conclusion that no citation is required for service pursuant to § 4-183 (c) (1), in contrast to service pursuant to § 4-183 (c) (2). See footnote 1. Section 4-183 (c) provides, in general terms, that an administrative appeal must, within forty-five days of delivery of the final decision to the person appealing, be filed with the court, and served on the agency or the attorney general and on each party listed in the decision. It further provides that such service shall be made by

one of two alternative methods: "by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."

Personal service pursuant to § 4-183 (c) (2) requires, by clear implication, a citation commanding the "proper officer or indifferent person" to make service "in the same manner as complaints are served in ordinary civil actions." "The citation that is used to commence an administrative appeal is analogous to the writ used to commence a civil action." *Brunswick* v. *Inland Wetlands Commission,* 222 Conn. 541, 542 n.1, 610 A.2d 1260 (1992). The process of serving a complaint in an ordinary civil action requires the use of a writ of summons directed to a sheriff or other authority competent to make service of process. See General Statutes §§ 52-45a and 52-45b. Indeed, personal service by such an authority without a writ of summons has long been regarded as a nullity, because without such a writ the sheriff is no more than a delivery person. *Hillman* v. *Greenwich,* supra, 525.

The service required by § 4-183 (c) (2) stands in marked contrast to service pursuant to § 4-183 (c) (1), which specifically provides that service by certified or registered mail may be "without the use of a sheriff or other officer." That contrast underscores the difference between service made pursuant to the two different statutory methods. Whereas service pursuant to § 4-183 (c) (2) requires an authority competent to make service and, therefore, a citation, service pursuant to § 4-183 (c) (1), by specifically eliminating the intervention of a "sheriff or other officer" for purposes of service, also eliminates the necessity of a citation. Indeed, because a citation requires, not only a competent signing authority, but a command by that signing author-

ity *to a competent serving authority,* and because under § 4-183 (c) (1) no "sheriff or other officer" is required, it is difficult to conceive what the language of a proper citation would be under § 4-183 (c) (1).[5] Absent a "sheriff or other officer" to receive such a command, a citation would be meaningless. We do not ascribe to the legislature the intent to require the performance of a meaningless act. See, e.g., *Atwood* v. *Regional School District No. 15,* 169 Conn. 613, 621, 363 A.2d 1038 (1975).

The conclusion that § 4-183 (c) (1) does not require a citation is buttressed by reference to § 4-183 (d).[6] That subsection provides that a record of proper service be timely filed with the clerk of the court in either of two ways: (1) by the filing of "the sheriff's return"; or (2) by the appellant's filing "an affidavit . . . stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision . . . ." This latter method of evidencing service of process indicates a legislative awareness that, as in this case, there are instances in which no serving officer, and therefore no citation, is necessary because the appealing party herself effected service pursuant to § 4-183 (c) (1).

---

[5] The defendant suggests that the language "sheriff or other officer" does not include service by an indifferent person and that, therefore, a citation under General Statutes § 4-183 (c) (1) would command such a person to make service of process by certified or registered mail. We do not believe, however, that by amending § 4-183 to eliminate the necessity of service by a "sheriff or other officer"; see infra; the legislature intended nevertheless to retain such a slender remnant of the prior practice.

[6] General Statutes § 4-183 (d) provides: "The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the clerk of the court an affidavit, or the sheriff's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision, and, if service was not made on a party, the reason for failure to make service. If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal."

The legislative history of § 4-183 (c) (1) further supports our conclusion. As originally enacted in 1971, § 4-183 (b) simply provided that "[c]opies of the petition [for review] shall be served upon the agency and all parties of record." Public Acts 1971, No. 854, § 18. In 1977, this subsection was amended to provide that the petition for review "shall be served upon the agency and all parties of record *in the same manner as process is served in civil actions.*" (Emphasis added.) Public Acts 1977, No. 77-603, § 1. Under that provision, the statute plainly required service by a sheriff or other proper authority and, therefore, a citation.

In 1979, the legislature further amended § 4-183 (b) by eliminating the language, "in the same manner as process is served in civil actions," and by adding a method of service on the agency by certified or registered mail. Public Acts 1979, No. 79-163. As a result of that legislation, subsection (b) provided in part: "Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, thirty days after the decision thereon, *except that service upon an agency may be made by mailing a copy of the petition by registered or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford.*" (Emphasis added.) General Statutes (Rev. to 1981) § 4-183 (b). Accordingly, service of process on the agency, but not on other parties to the appeal, was then permissible by certified or registered mail.

In 1984, however, the legislature further amended § 4-183 (b) specifically to provide that the certified or registered mail could be "without the use of a sheriff or other officer." Public Acts 1984, No. 84-43, § 1. After that amendment, therefore, subsection (b) provided in part: "Copies of the petition shall be served upon the agency and all parties of record within thirty days after

mailing of such notice [of the final decision] or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, *without the use of a sheriff or other officer,* to the office of the commissioner of the agency or to the office of the attorney general in Hartford." (Emphasis added.) General Statutes (Rev. to 1985) § 4-183 (b).

The legislative history of this amendment makes clear that it was proposed and adopted in response to a decision of the Appellate Session of the Superior Court; *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 461 A.2d 977 (1983); that apparently was understood to hold that even the registered or certified mail service provided by the 1979 legislation required the intervention of a sheriff or other officer. In testimony before the Joint Standing Committee on the Judiciary, Attorney Raphael L. Podolsky explained that House Bill No. 5595, which later became the 1979 public act, was intended (1) to eliminate the need for a sheriff and a citation when service by registered or certified mail was being made on the agency, and (2) to clarify that this had been the original intent of the 1979 legislation.[7] This explanation was echoed on the floor

[7] Attorney Raphael L. Podolsky testified: "The third one I want to address is House Bill No. 5595 which is an act concerning the service of process in appeals of administrative agency decisions. This is a bill basically to correct what I believe to be an erroneous appellate session decision, interpreting a statute you passed in 1979 to accomplish a particular purpose.

"Prior to 1977, there were different procedures for taking appeals from different administrative agencies, and some of them when you took the appeal, you could serve the agency by mail. You basically sent [a] certified letter to the commissioner. In others, you have to have the sheriff serve. In 1977, the General Assembly attempted to make these procedures uniform and the law that they passed required sheriff service in all cases. It wasn't really noticed at the time that this changed the process, for example, serving welfare appeals. In 1979, the legislature looked at that and

of the legislature.[8] These explanations of legislative intent are, moreover, fully consistent with the language of the 1984 statutory amendment.

The language of General Statutes (Rev. to 1985) § 4-183 (b) remained the same until 1988. By virtue of Public Acts 1988, No. 88-317, § 23, § 4-183 was amended to provide for the two alternative forms of

decided it had made the wrong decision. That is to say, the simpler and more efficient way was that when you're serving the agency you could serve the agency by certified mail, and you do it yourself, you don't have to pay sheriff fees for that. And the bill was adopted and that's basically what it says. If you examine the legislative history from 1979, there is no question that the intention was to dispense with the sheriff in those cases.

"There are at least two superior court cases that I know of in which that interpretation was confirmed. In 1983 in the case of *Board of Education of the City of New Britain* v. *Connecticut State Board of Education,* which is reported at 38 Conn. Supp. 712, [461 A.2d 997 (1983),] the appellate session without looking at the legislative history, ruled that the legislature could not possibly have intended to dispense with the sheriff, and thereby interpreted the statute to require that there be a citation and that the sheriff do the service. What this bill does, it restates the 1979 statute. The problem with doing nothing is it has created a great deal of confusion for administrative appeals. Because many people took administrative appeals without citing in the sheriff. Without putting a citation to the sheriff, so what's happened is, they have been faced with jurisdictional motions under the 1983 appellate case saying that they do not have the right to bring the appeal because they failed to serve the process properly and of course, at this point in time, the limit for taking the appeal is passed and it's too late to correct the mistake.

"And it seems to me that what the legislature ought to do is treat this as a clarification of reassertion that from 1979 on, what this statute did, was to mean you don't need the sheriff for that purpose." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1984 Sess., pp. 396–97.

[8] In the Senate, Senator Howard T. Owens, Jr., stated: "It would make it clear that a sheriff or other officer is not needed to serve process on an agency in an appeal from an administrative decision. There apparently has been a court decision that has thrown into question some prior action of the legislation, so it is really clarifying what the intention was of that particular piece of legislation." 27 S. Proc., Pt. 2, 1984 Sess., p. 779.

In the House of Representatives, Representative Richard D. Tulisano stated: "[T]he purpose of this legislation is to make it clear and acknowledge that service of process does not have to be by sheriff of an appeal from an administrative agency." 27 H.R. Proc., Pt. 2, 1984 Sess., p. 722.

service now contained in § 4-183 (c) (1) and (2). See footnote 1. Significantly, that amendment did not alter the preexisting provision regarding service by certified or registered mail "without the use of a sheriff or other officer," except to eliminate the previous limitation thereon to service by mail on the agency. Therefore, since 1988 mail service pursuant to § 4-183 (c) (1), without the necessity of a sheriff or citation, has been permissible with respect to all defendants.

The defendant argues that the service of process in this case was fatally flawed, nonetheless, because, although the petition referred to a return day, it contained no specific language ordering the defendant *to appear* on or before the second day after the return day. Therefore, the defendant contends that: (1) the court lacked subject matter jurisdiction over this statutory appeal; or (2) in the alternative, this defect deprived the court of personal jurisdiction over the defendant. Consequently, the defendant argues, its timely motion pursuant to Practice Book § 142[9] warranted dismissal on that basis. We disagree.

Prior to the 1988 amendment to the UAPA, under the case law regarding administrative appeals—at least those appeals served by a sheriff, and not by certified mail—the defendant might have prevailed on this argument. See, e.g., *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356–57, 514 A.2d 749 (1986) (use of improper citation form to commence administrative appeal not fatal to appeal, so long as form gives notice, inter alia, of return

---

[9] Practice Book § 142 provides: "MOTION TO DISMISS

"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court otherwise directs."

day and of "the requirement for filing an appearance"). We are convinced, however, that the 1988 amendment to the UAPA requires a different result in this case.

In 1988, the legislature enacted a comprehensive revision of the UAPA, based upon recommendations made after nearly three years of study and review by the Connecticut law revision commission. See 31 H.R. Proc., Pt. 21, 1988 Sess., p. 7320, remarks of Representative Martin Looney; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1988 Sess., p. 185, remarks of David Biklen, executive director of the Connecticut law revision commission; 1987 Thirteenth Annual Report of the Connecticut Law Revision Commission to the General Assembly, March, 1988, p. 31 (Law Revision Commission Report). One of the proposals of the law revision commission involved service of an appeal under § 4-183. That proposal, with minor changes, became what is now § 4-183 (c) and (d). See footnote 1; Public Acts 1988, No. 88-317, § 23; Law Revision Commission Report, supra, p. 63.

Section 4-183 (c) provides, in pertinent part, that the party appealing must, within forty-five days of delivery of the agency decision, "serve a copy of the appeal" on the agency at its office or the office of the attorney general. It also provides: "Within that [forty-five day] time [period], the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, *provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal.* Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary

civil actions." (Emphasis added.) Section 4-183 (d) provides in pertinent part: *"If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal."* (Emphasis added.)

These two provisions, emphasized above, appear to conflict with respect to the effect of a failure to make service on the agency. The language of § 4-183 (c), that a "failure to make such service within forty-five days on parties other than the agency . . . shall not deprive the court of jurisdiction over the appeal," implies that a failure to make such service *on the agency will* deprive the court of "jurisdiction over the appeal," namely, subject matter jurisdiction. This principle would be consistent with the long-standing, preexisting law that, "[b]ecause the right to take an administrative appeal depends upon statutory authority . . . noncompliance with the statutory requirements of the Uniform Administrative Procedure Act implicates subject matter jurisdiction and renders a nonconforming appeal subject to dismissal. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 163, 561 A.2d 931 (1989); *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 326–27, 533 A.2d 852 (1987); *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* [supra, 356]; *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985)." *McQuillan* v. *Department of Liquor Control,* supra, 670.

The text of § 4-183 (d) provides, however, that "[i]f the failure to make service causes prejudice . . . to the agency, the court, after hearing, may dismiss the appeal." This language provides that even a timely motion to dismiss will not automatically lead to dismissal; dismissal follows only if the court, after hearing, finds that prejudice resulted from the failure to make service. Section 4-183 (d) implies, therefore, that

such a failure is not a matter of subject matter jurisdiction, because dismissal based only on a finding of prejudice is inconsistent with the established notion that lack of subject matter jurisdiction requires dismissal, regardless of such factors as prejudice, waiver or consent. See, e.g., *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 39, 495 A.2d 1034 (1985).

Statutes should be read so as to harmonize with each other, and not to conflict with each other. See, e.g., *Red Rooster* v. *River Associates, Inc.*, 224 Conn. 563, 570, 620 A.2d 118 (1993). We resolve the apparent conflict between § 4-183 (c) and (d) by focusing on the language in § 4-183 (c) requiring service on the agency "[w]ithin forty-five days." We read that sentence as imposing a time limitation with respect to subject matter jurisdiction. If there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c), read against the background of the preexisting law. This reading of § 4-183 (c) is consistent with the recognition that "[t]ime limitations for taking appeals do not exist merely for the convenience of the parties but involve a strong public interest in the finality of legal proceedings. For this reason they have generally been regarded as jurisdictional." *Farricielli* v. *Personnel Appeal Board*, 186 Conn. 198, 208, 440 A.2d 286 (1982) (*Shea, J.,* dissenting).

If, however, as in this case, there is an arguable defect in the process that was timely served on the agency—namely, a lack of specific language in the appeal directing the defendant to file an appearance on or before the second day after the return day—rather than a failure to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissable only

upon a finding of prejudice to the agency. In this case, the defendant does not claim any prejudice, and it would be difficult to perceive any, because presumably the attorney general knew the significance of a return day stated on an administrative appeal.

The conclusion that the subject matter jurisdiction of the court is implicated only if there is a total failure to serve the agency within the statutory forty-five day period, and not if there is merely a defect in the document timely served on the agency, is also consistent with our established jurisprudence regarding subject matter jurisdiction. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *LeConche* v. *Elligers,* 215 Conn. 701, 709, 579 A.2d 1 (1990), quoting *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981)." (Internal quotation marks omitted.) *Lauer* v. *Zoning Commission,* 220 Conn. 455, 460, 600 A.2d 310 (1991). The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court "must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Internal quotation marks omitted.) Id. That presumption counsels that, in resolving the apparent conflict between § 4-183 (c) and (d), we construe the subject matter jurisdictional implications of § 4-183 (c) narrowly. See *Brunswick* v. *Inland Wetlands Commission,* supra (improperly executed citation does not affect subject matter jurisdiction of court).

The legislative history of No. 88-317 of the 1988 Public Acts supports this interpretation. That history reflects a general intent to modify the prior law so as to simplify and make more fair the process of appeal-

ing an agency decision under the UAPA.[10] That intent would not be furthered by an interpretation of the UAPA that would render an appeal served by certified mail pursuant to the plain language of § 4-183 (c) (1) subject to dismissal solely because the appeal failed to notify the attorney general of the necessity of filing a timely appearance.

[10] Before the Joint Standing Committee on the Judiciary, David Biklen, executive director of the law revision commission, stated: "Let me just give you a couple of examples of problems that these amendments attempt to address in the UAPA. . . . [W]e've worked on the service in [sic] filing requirements on appeal, an example of that on a state agency level the set of problems that you are now wrestling with on a local level, whereby a local and zoning appeal was dismissed for failure to [serve] each person in that appeal. At least on the state level this act would avoid that sort of problem." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1988 Sess., p. 186.

Steve Frazzini, the executive director of the Hartford County Legal Aid Society, and a member of the advisory group that worked with the law revision commission on the proposed revision of the UAPA, also testified before the Judiciary Committee: "Those of this committee who are lawyers . . . know that the current laws . . . about appealing Administrative Agency decisions are a trap for the unwary. . . . Basically, the courts have taken the position that there's no right to appeal from Administrative Agency decisions except by statute and if the statute isn't followed in every detail, then you're thrown out of court . . . . The problem is that the present statute is very hard to follow . . . . I think it's really unfair that the appeal process is so difficult to understand and to comply with. What this bill does is it makes . . . things simpler. . . . [T]he number of cases where appeals have been dismissed because some supposedly vital party, not the agency, but someone else [was] not served are also far too frequent. What this bill says is that if you serve the agency on time, then the authority to serve anybody else who's concerned at the time isn't critical as long as you do serve them and as long as that party isn't prejudiced by your serving them late. . . . So that's the most important thing that . . . makes what you do to appeal [an] agency decision simpler and fairer." Conn. Joint Committee Hearings, Judiciary, Pt. 1, 1988 Sess., pp. 263–64.

This line of criticism of our prior jurisprudence echoes that of Justice David Shea of this court: "I believe this court took the wrong course many years ago when we began to treat virtually every deviation from the statutory norm as a defect that deprives a court of subject matter jurisdiction and thus to be unwaivable by the parties or subject to such considerations as lack of prejudice that are applied in other proceedings. We have been traveling down this path for too long, however, to turn back at this late

The defendant argues that this court "has stated unwaveringly that the essentials of a citation must be included in an administrative appeal," citing *McQuillan* v. *Department of Liquor Control,* supra, *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra, and *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 170 A.2d 732 (1961). Those cases are not dispositive. First, in none of those cases was service made by certified mail pursuant to § 4-183 (c) (1). In all of those cases, service was made by a sheriff or other officer, who required a citation for his authority to make service. Second, in none of those cases were we interpreting § 4-183 (c) and (d), in the light of the comprehensive revision of the UAPA enacted by the legislature in 1988.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and remand the case to that court with direction to deny the motion to dismiss, and for further proceedings according to law.

In this opinion the other justices concurred.

---

time without some legislative direction . . . . Consequently, much as I deplore the jurisprudential path we have taken, I am constrained to continue upon it until such time as we may be directed otherwise by legislative authority." *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 75–76, 540 A.2d 59 (1988) (*Shea, J.,* concurring); see *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 207–11, 440 A.2d 286 (1982) (*Shea, J.,* dissenting). We believe that, by enacting General Statutes § 4-183 (c) and (d), the legislature intended to heed these pleas for greater simplicity and fairness in the administrative appeal process.