[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PRETRIAL MOTIONS
Plaintiff Paul N. LaPenta appeals a decision of the defendant Commission on Human Rights and Opportunities (CHRO) dismissing the complaint of discrimination that he had brought against defendant USAir, Inc. The plaintiff has filed a motion for judgment against the CHRO based on its failure to appear. Defendant USAir has filed a motion to dismiss based on the plaintiff's failure to comply with the provisions of General Statutes 4-183 relating to service of the appeal on the CHRO.
The plaintiff's original complaint on appeal did not contain any return date. Neither defendant, therefore, was under any obligation to file an appearance within a specific time period. For that reason, the plaintiff is not entitled to default or judgment against defendant CHRO for failure to appear based on that original complaint.
The CHRO mailed its final decision to the other parties on March 12, 1993. The plaintiff filed his appeal with the court on April 12, 1993. On September 29, 1993, the plaintiff filed with the court an affidavit stating that he served USAir and the CHRO by certified mail on April 8, 1993. The affidavit states that service on the CHRO was accomplished by mail to the attorney general. Also on September 29, 1993, the plaintiff filed an amended complaint containing a return date of October 12, 1993. None of the foregoing procedural facts are in dispute at this time.
The bases of USAir's motion to dismiss are that the original complaint did not contain a return date and that the plaintiff failed to file his affidavit concerning service within the fifteen day time period prescribed by4-183(d). These are, unquestionably, defects in the process that was served on the defendants. Under the circumstances of this case, however, they are not fatal to the plaintiff's right to prosecute his appeal.
In Tolly v. Department of Human Resources, 225 Conn. 13, CT Page 12 28 (1993), the court held that defects in service of process, so long as it is timely made, do not render the appeal dismissable in the absence of a showing of prejudice to the agency. In this case, there appears to be no dispute that service was timely made on the CHRO via certified mail, as permitted by the statute. Furthermore, there is no indication of prejudice to the agency at this time, especially since the court is denying the plaintiff's motion for judgment. Accordingly, the motion to dismiss is denied. Of course, the question of the court's jurisdiction may be raised at any time, and if facts are subsequently presented to the court which implicate its jurisdiction the court will consider them.
As noted, the plaintiff's amended petition contains a return date. Defendant USAir has already appeared, but the CHRO has not. Accordingly, the court enters the following orders:
1. The parties' pretrial motions filed to date are denied and any previous orders of the court to the contrary are hereby vacated.
2. The CHRO is ordered to file its appearance on or before January 14, 1994. Failure to do so will subject the agency to sanctions for failure to appear, including default and/or judgment in favor of the plaintiff.
3. The CHRO is ordered to file its answer and return of record on or before February 14, 1994.
4. The plaintiff is ordered to file his brief on or before March 14, 1994.
5. The defendants are ordered to file their briefs on or before April 14, 1994. CT Page 13