[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' AMENDMENT TO WRIT OF ATTACHMENT
The question presented in this case is whether the court should grant the plaintiff's motion to amend the writ of attachment to include the names of the garnishees, who were cited in earlier pursuant to a motion to cite in garnishees, granted by the court under Connecticut General Statutes § 52-330.
On September 7, 1995, the plaintiffs, James A. Fazzone, Anthony J. Fazzone and James Zima filed an application for a prejudgment remedy against the defendant, Dice, Maloney, Lenz 
Malloy, P.C. On October 31, 1995, the court ordered a prejudgment remedy in the amount of $19,436.34. The order permitted the plaintiff to attach the defendant's property and to garnish debts owed to the defendant.
On November 1, 1995, the plaintiffs, filed a complaint which seeks to recover damages for the alleged breach of a lease agreement by the defendant. The prejudgment remedy of the court authorized the issuance of a writ commanding the sheriff "to attach to the value of $19,436.34 the property, and/or debts due of Dice, Maloney, Lenz Malloy, P.C. . . . and summon Richard A. Dice, Esquire and James H. Maloney, Esquire . . . as holder of Defendant's accounts and/or property to appear . . . by filing a written statement of appearance with the Clerk . . . ." The sheriff's return indicates that process was served not only upon Dice, Maloney, Lenz Malloy, P.C., but also upon Maloney, Leaphart Knowles, P.C., and Weinstein Wisser, P.C.
On March 1, 1996, pursuant to General Statutes § 52-330, the court granted a motion, filed by the plaintiffs, to cite in Maloney, Leaphart Knowles, P.C., and Weinstein Wisser, P.C. as garnishees. On March 8, 1996, the plaintiff filed a motion for leave to include Maloney, Leaphart Knowles, P.C. and Weinstein 
Wisser, P.C. in the writ of attachment.
The plaintiffs argue that the absence of Maloney, Leaphart 
Knowles, P.C. from the writ of attachment constitutes a circumstantial defect which can be amended pursuant to General Statutes § 52-123. In the alternative, the plaintiffs argue that the writ can be amended pursuant to General Statutes §§ 52-128 or52-72. CT Page 5193
The defendant objects to the plaintiff's motion to amend arguing that the failure to include the names of the garnishees in the writ of attachment constitutes a defect in the service of process because the sheriff was not directed to serve the garnishees. The defendant argues that a defect in the service of process cannot be precluded from abatement under General Statutes § 52-123.
General Statutes § 52-45a provides in pertinent part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint . . . ." "[T]he writ . . . directs the sheriff or some other proper officer to seek out the defendant [or garnishee]. . . and to summon it to a particular sitting of a particular court on a specified day. 1 E. Stephenson, ConnecticutCivil Procedure (2d Ed. 1970) § 18. The [writ] . . . is the warrant which bestows upon the officer tr to whom it is given for service the power and authority to execute its command." Tolly v. Department ofHuman Resources, 225 Conn. 13, 18, 621 A.2d 719 (1993). See alsoHillman v. Greenwich, 217 Conn. 520, 525, 587 A.2d 99 (1991). General Statutes § 52-50 provides that "[a]ll process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute . . . ." "A proper [writ], therefore, requires . . . direction to a competent authority . . . to summon the defendant to appear in court." Tolly v. Department ofHuman Resources, supra, 19.
"Service of process is the method by which a complaint, or other legal document, is delivered to a party. . . . Service of process has two functions: conferring [personal] jurisdiction and giving notice. . . . [I]n order for there to be personal jurisdiction there must have been substantial compliance with the statute defining the applicable method of service of process." Catov. Cato, 226 Conn. 1, 18, 626 A.2d 734 (1993). A defective writ affects the personal jurisdiction of the court. Brunswick v. InlandWetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260 (1992). A challenge of the court's personal jurisdiction must be raised within 30 days of the filing of an appearance otherwise it is deemed to be waived. Practice Book §§ 142, 144; see also Bridgeportv. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989).
General Statutes § 52-123 states in pertinent part: "No writ CT Page 5194 . . . shall be abated . . . for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
If a writ contains a defect, General Statutes § 52-128 permits the plaintiff to "amend any defect, mistake or informality in the writ . . . without costs, within the first thirty days after the return day and at any time afterwards on payment of costs at thediscretion of the court . . . ." (Emphasis Added.) General Statutes § 52-128.
Certainly, the defendant could have challenged a defect in the service of process by filing a motion to dismiss within 30 days of the filing of its appearance.[1] See Practice Book § 142. The garnishees did not do so, and thus have waived their right to challenge the court's exercise of personal jurisdiction. Practice Book § 144; see also Bridgeport v. Debek, supra, 210 Conn. 180. As a result, the defendant's objection to the motion to amend, based upon a claim of insufficient service of process, should not be allowed to provide the basis for the court's denial of the plaintiffs' motion to amend.
Moreover, this court finds that any defect in the writ of attachment, which affected the court's personal jurisdiction over the garnishees, was cured when the garnishees were cited in pursuant to General Statutes § 52-330.
Accordingly, the Motion for Leave to Amend the Attachment is granted.
Clarance J. Jones, Judge