[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal seeking judicial review of the action of the Commission on Human Rights and Opportunities ("CHRO") dismissing the plaintiff's case. The appeal to Superior Court is dismissed because the court agrees with the defendants' contention that the plaintiff did not appeal within the time provided by law. The plaintiff did not file a timely request for a reconsideration of the Commission's decision. The CHRO CT Page 5118-WW dismissal occurred July 12, 1995, with notice of dismissal being mailed that same day. Appeal to Superior Court from such an administrative agency decision must be taken by law within forty-five days after mailing of the final decision complained about. General Statutes § 4-183(c). The plaintiff's appeal was not filed with the court until January of 1996, more than six months later, and was therefore untimely to vest jurisdiction in the court. Tolly v. Dept. of Human Resources, 225 Conn. 13,28, 621 A.2d 719 (1993); Glastonbury Volunteer AmbulanceAss'n., Inc. v. Freedom of Information Commission, 227 Conn. 848,854, 633 A.2d 305 (1993).
Furthermore, the plaintiff's late filing of a request for reconsideration did not extend the time for appealing the Commission's decision to Superior Court. This aspect of the procedural history deserves mention. After the July 12, 1995 dismissal, which the plaintiff received on July 14, 1995, the plaintiff moved for the agency to reconsider its decision. Such reconsideration requests must be received within fifteen days of the date of notice of the dismissal. Regs., Conn. State Agencies § 46a-54-79a.[1] General Statutes § 46a-836. In this case, to be effective, a request for reconsideration would have to be received by July 27, 1995. The plaintiff's reconsideration request was not received until July 31, 1995. Where a reconsideration request is untimely, it does not operate to stay the appeal period, and the time for taking the appeal to Superior Court commences on the date of the mailing of the final decision of the agency complained about to the plaintiff, which in this case would be July 12, 1995. The right to appeal to Superior Court from action of an administrative agency exists only by statute and compliance with the statute must be strict. See §46a-83 (e). "[F]ailure to file an appeal from an administrative decision within the time set by statute renders the appeal invalid and deprives the courts of jurisdiction to hear it."Office of Consumer Counsel v. Dept. of Public UtilityControl, 234 Conn. 624, 640. Rogers v. CHRO,195 Conn. 543-(1985). This plaintiff's reconsideration request was not made until nineteen days had elapsed from the date of mailing the decision and was therefore untimely and ineffective to extend the time for appeal of the Commission's decision. The clerk is directed to enter an order dismissing the case.
FLYNN, J.