[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Walnut Street Service, Inc. appeals the decision of CT Page 8847 the defendant commissioner of motor vehicles revoking the plaintiff's dealer and repairer license. The defendant commissioner acted pursuant to General Statutes § 14-64 (1) on the basis that the plaintiff improperly made and used a dealer marker plate in violation of § 14-147 (a). The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the final decision of the hearing officer, the plaintiff's amended complaint on appeal and the defendant's answer to that complaint.
On January 31, 1996, a hearing officer designated by the defendant commissioner of motor vehicles commenced a hearing on the proposed revocation of the plaintiff's dealer and repairer license. The motor vehicle department was acting on the basis of information it received as a result of the arrest in October 1995 of Robert Spillane, an officer of the plaintiff corporation, on a charge of counterfeiting a dealer plate in violation of §14-147.
The hearing did not end on January 31, but was continued to March 7, 1996. At the conclusion of that session, the hearing officer stated that the hearing should be continued for another session so that the alleged counterfeit plate, which had been confiscated by the police, could be presented in evidence. The plaintiff's attorney concurred and indicated that he would also want to present oral argument at the next session. The hearing officer and plaintiff's attorney estimated at that time that the next hearing session would take about an hour.
On March 22, 1996, the department notified the plaintiff's attorney that it would not be presenting the counterfeit plate in evidence and indicated that the hearing could be closed. On March 26, the plaintiff's attorney filed a motion objecting to the closing of the hearing at that time and requesting a continuance of the hearing so that he could cross-examine the police officer who confiscated the counterfeit plate.
The department granted the plaintiff's request and sent notice to the plaintiff's attorney on April 4, 1996, that the next session of the hearing would be held on May 15, 1996 at 8:30 A.M. in Wethersfield. CT Page 8848
On April 8, 1996, the same day he received the department's notice of the May 15 hearing session, the plaintiff's attorney also received a notice from this court (Berger, J.) ordering him to appear for a pretrial conference in Joseph v. Aetna Casualtyand Surety Co., Superior Court, judicial district of Hartford/New Britain, Docket No. CV93 052 82 40. The court scheduled the pretrial for May 15 at 10:00 A.M. at the Hartford courthouse. The court's order stated that "No continuances will be granted. Non appearance will result in dismissal or default."
In an effort to resolve the potential conflict between the hearing in this case commencing at 8:30 A.M. at the motor vehicle department in Wethersfield on May 15 and the pretrial at the Hartford courthouse at 10:00 A.M. on the same morning, the plaintiff's attorney called the department's adjudications unit and requested that the hearing in this case be held on an earlier date. The department did not respond, so the plaintiff's attorney called again and then, at the department's request, faxed it a copy of this court's pretrial order. The department informed the attorney that it would not reschedule the hearing.
On May 10, 1996, the plaintiff filed a motion with the department requesting a continuance of the scheduled May 15 hearing in this case, citing the conflict with this court's order for a pretrial on the same morning. After filing the motion for a continuance, but prior to May 15, the plaintiff's attorney telephoned the department's adjudications unit and informed it that he would not be attending the May 15 hearing at 8:30 A.M. because of the conflict with the court-ordered pretrial but that he would be able to attend the hearing if it were rescheduled to the afternoon on that day or to some subsequent day. There was no response to these suggestions.
On May 15, 1996, the department convened the hearing session. The plaintiff's attorney was not present. Cheryl Spillane, an officer of the plaintiff corporation, was present and objected to going forward with the hearing in the absence of the corporation's attorney. She stated that the attorney had to be in court. She asserted that it would be a violation of the plaintiff's right to be represented by counsel. The hearing officer overruled the objection. Mrs. Spillane left. The hearing officer then proceeded to conduct the hearing. The hearing officer received some testimony from a staff member of the department concerning the efforts of the plaintiff's attorney to obtain a continuance of the hearing. The hearing officer then CT Page 8849 formally denied the motion that the plaintiff's attorney had filed requesting a continuance. The hearing officer then received testimony from the police officer who had arrested Mr. Spillane and from an official of the department. The police officer identified a marker plate as the one that he confiscated during the arrest of Mr. Spillane. The department official testified that it was counterfeit. The hearing officer examined the marker plate, noted its description on the record and released it back to the West Hartford police department. The hearing officer then adjourned the hearing at 9:05 A.M.
Following the last session of the hearing, the hearing officer rendered her final decision, mailed to all parties on July 2, 1996. She found that the plaintiff, through its employees, Mr. and Mrs. Spillane, had fabricated a dealer plate for illegal purposes. Based on that finding, the hearing officer, acting in behalf of the commissioner, ordered the plaintiff's license revoked.
On July 3, 1996, the plaintiff served on all parties and filed in this court a writ, summons and complaint naming the commissioner of motor vehicles as defendant and praying for a temporary injunction restraining the defendant from revoking the plaintiff's license until the plaintiff perfects an appeal of the hearing officer's decision.
The defendant commissioner immediately moved to dismiss the complaint on the basis that the plaintiff had not exhausted its remedies by appealing pursuant to the Connecticut Uniform Administrative Procedure Act, in particular General Statutes § 4-183.
On July 25, 1996, before the court acted on the commissioner's motion, the plaintiff served on the commissioner and filed in the court an "Amended Complaint," an ex parte motion for stay of the revocation of the license, and an order to show cause. The amended complaint states that the plaintiff appeals the commissioner's decision pursuant to § 4-183. The court granted the ex parte motion for stay.
On July 29, 1996, after reviewing the amended complaint and hearing arguments of counsel, the court denied the commissioner's motion to dismiss the appeal and continued the stay of the administrative decision pending a decision on the plaintiff's appeal. CT Page 8850
The sole basis of the plaintiff's appeal, as set forth in its brief to the court, is that the hearing officer's denial of its motion for continuance and her proceeding with the hearing on May 15 in the absence of the plaintiff's attorney constituted an abuse of discretion and a denial of the plaintiff's right to due process of law.
In his brief in opposition to the appeal, the commissioner again contests the court's jurisdiction, arguing that since the court lacked jurisdiction over the original complaint seeking an injunction, the plaintiff could not revive the court's jurisdiction by amending that complaint, citing FDIC v. Peabody,239 Conn. 93 (1996).
In FDIC v. Peabody, supra, the court would have lacked jurisdiction over the third party complaint against the state, as originally filed, based on the doctrine of sovereign immunity. In response to the state's motion to dismiss, the defendant/third party plaintiff filed a motion to amend, seeking to modify some of the allegations of the original complaint in an effort to avoid the sovereign immunity rule. The Supreme Court held that in such a circumstance, the court should have granted the motion to dismiss the original complaint and denied the motion to amend.
This case is distinguishable from Peabody. Unlike the plaintiff in Peabody, the plaintiff in this case has always had an unquestioned right to bring an action against the state, more particularly against the commissioner of motor vehicles to contest the revocation of its license. The only limitation on that right is the statutory requirement that the plaintiff proceed in accordance with the provisions of the Connecticut Uniform Administrative Procedure Act, in particular General Statutes § 4-183. In this case, the plaintiff made an initial, somewhat clumsy attempt to halt the revocation of its license temporarily while it appealed the commissioner's action. This was the action for injunctive relief, which, it should be noted, refers specifically to § 4-183 and the plaintiff's intention to appeal pursuant to that statute. That statute, in subsection (f), provides that an appellant may apply for a stay of the agency's action and that would appear to be, in substance, what the plaintiff was attempting to do in seeking an injunction. As soon as the plaintiff became aware of the deficiencies in its initial filing, it filed and served an entirely proper appeal pursuant to the statute. CT Page 8851
The only question concerning the plaintiff's appeal arises from the fact that it hitchhikes into court as an "amendment" to the defective injunction action. This flaw in procedure, however, if it be one, is not of jurisdictional significance. What is significant is the fact that, even if the court had dismissed the original injunction action, the plaintiff's subsequent appeal would have been entirely valid under the statute. The so-called "amended complaint," in form and content, is entirely separate and distinct from the document it purports to amend. It is, quite simply, a conventional administrative appeal that complies in every respect with § 4-183. In effect, the plaintiff has timely served and filed an appeal under § 4-183 that, standing alone, is unquestionably subject to the jurisdiction of this court.
Based on all of the circumstances, which are peculiar to this case, the court concludes that the defendant commissioner's attack on the jurisdiction of the court may not be sustained. This conclusion is supported by "the established principle that every presumption is to be indulged in favor of jurisdiction."Tolly v. Department of Human Resources, 225 Conn. 13, 29 (1993).
Turning to the substance of the appeal, it is necessary to analyze the plaintiff's argument in the context of general principles of administrative law. "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166
through 4-189), and the scope of that review is very restricted. . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.)Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988). The sole question before the court in this case, therefore, is whether the hearing officer's decision to deny the plaintiff's request for a continuance so that its counsel could be present was unreasonable and an abuse of discretion. The court concludes that it was.
Unquestionably, the plaintiff was entitled to choose to be represented by counsel at the hearing. And it is equally undisputed that the plaintiff chose to be represented. The CT Page 8852 significance of this right is underscored by the subject matter of the proceedings in this case, the "revocation or suspension of the license, a valuable property right on which the licensee and many people may depend for their livelihood." Hart Twin VolvoCorporation v. Commissioner of Motor Vehicles, 165 Conn. 42,46-47 (1973).
Another factor adds to the importance of the plaintiff's right to be represented in this case. The plaintiff is a corporation. As such, it may not practice law or appear pro se in Connecticut courts. Furthermore, an officer or stockholder who is not an attorney may not represent the corporation in the courts. General Statutes § 51-88. Expressway Associates II v.Friendly Ice Cream Corp. of Connecticut, 34 Conn. 543 (1994). Although it is not clear to what extent that rule pertains in administrative proceedings, it does illustrate the potentially essential role of the plaintiff's attorney in this case.
Lastly on this point, it should be noted that from the inception of the administrative proceedings, the plaintiff was represented by a single attorney, Donald E. Weisman, and Weisman alone had conducted the defense of the plaintiff's license. By the time of the May 15 session of the hearing, there was no one else who was in a position to provide effective representation of the corporation's legal interests. Weisman's presence was, therefore, crucial to the plaintiff's ability to present its case.
Prior to May 10, 1996, Attorney Weisman made several calls to the department in an effort to reschedule the hearing session to a different time so that he could be present. He received either no response or his suggestions were rejected. The record fails to disclose any reason for the rejection of his various requests and suggestions.
On May 10, five days in advance of the hearing session, Attorney Weisman filed a written motion for a continuance. In that motion, he clearly set forth the nature of the conflict, including the order of this court. There is some evidence that the department indicated to him that the motion would be denied, but no formal action on the motion was taken prior to May 15, the day of the hearing session, when Weisman was absent.
In her final decision, the hearing officer sets forth her reasons for denying the plaintiff's motion for a continuance as CT Page 8853 follows:
 Based upon the fact that both counsel and the undersigned had previously agreed during the March 7 hearing that the matter at the Department of Motor Vehicles would take less than one hour, which would enable counsel to attend both matters, the untimeliness of the Respondent's motion, the protracted period over which the matter had already extended, and the fact that the matter was scheduled at the request of the Respondent in its March 22nd motion, the motion was denied.
These reasons do not afford a reasonable basis for denying the motion for continuance under all the circumstances.
The 8:30 motor vehicle department hearing was in Wethersfield. The court pretrial was in Hartford at 10:00. Although the record indicates that Weisman and the hearing officer optimistically anticipated that the hearing at the motor vehicle department would take less than an hour, there was obviously no guarantee, and even that timetable left not a minute to spare. In the actual event, the hearing without theparticipation of Attorney Weisman in behalf of the plaintiff did not conclude until 9:05. If Weisman had been present, it seems clear that he would have cross-examined the police officer and the motor vehicle department official and would have made closing argument. Given the proximity in time between the two scheduled events, the probable length of the motor vehicle department hearing if the plaintiff's attorney had participated, and the time required to travel from Wethersfield to the Hartford courthouse, it was not likely that Attorney Weisman could have attended both the hearing and the pretrial. The hearing officer knew these facts when she made her ruling. The court concludes that it was unreasonable for her to base her decision on the unlikely supposition that the attorney could "attend both matters."
The plaintiff's motion was not "untimely" under the circumstances. It was filed five days in advance of the hearing. The only scheduled witnesses were a police officer and a motor vehicle department official. Furthermore, the commissioner admits in his answer to the complaint that Weisman called the department CT Page 8854 to request that the hearing be rescheduled immediately after receiving the notices of the pretrial and the hearing, and repeatedly thereafter.
The hearing did take place over an extended period of time. But the transcript indicates that this was due to the hearing officer's schedule, which required her to work only two days a week, not the plaintiff's preference. Moreover, the hearing officer does not indicate how she, the department, the commissioner, or anyone else would be prejudiced or even inconvenienced by delaying the hearing session a few hours to the afternoon of May 15, as suggested by the plaintiff's attorney, or thereafter. It was unreasonable for the hearing officer to deny the requested continuance on the basis of a "protracted period" of time.
Based on all of the circumstances summarized above, the court concludes that the hearing officer's denial of the plaintiff's request for a continuance of the May 15, 1996, session of the hearing constituted an abuse of discretion. Since the effect of that action was to deprive the plaintiff of the opportunity to be represented by counsel, it obviously prejudiced a substantial right of the plaintiff. This is especially so in view of the fact that the plaintiff is a corporation and that Attorney Weisman had until then exclusively represented the plaintiff throughout the proceedings.
In accordance with General Statutes §§ 4-183 (j) and (k), the plaintiff's appeal is sustained and the case is remanded to the department. The department is ordered to conduct a new hearing and render a new decision.
MALONEY, J.