[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (DEFENDANT'S MOTION TO DISMISS)
The defendant, Region 16 School District, has filed a Motion to Dismiss the plaintiff's administrative appeal from a decision of the State Department of Education impartial hearing offices, said decision being dated December 28, 1998. The plaintiff has brought the appeal pursuant to Connecticut General Statutes §§10-76h and 4-183. The date of the appeal is January 11, 1999, and it was filed in the Superior Court, Judicial District of Ansonia/Milford on January 19, 1999.
The defendant sets forth two claims for dismissing said appeal. The first claim is that the plaintiff-appellant Tirella did not name the State Department of Education as a party to the appeal pursuant to Connecticut General Statutes § 4-183(c), and did not serve a copy of the complaint upon the State Department of Education, pursuant to Connecticut General Statutes §4-183(c).
The second claim raised by the defendant-appellee, Region 16 School District, is that the appellant-plaintiff served her complaint-appeal on the defendant by mailing a copy via United States mail to the attorney for the defendant Region 16 School District, in violation of Connecticut General Statutes §4-183(c).
The defendant moves to dismiss the plaintiff's administrative appeal for lack of personal and subject matter jurisdiction. CT Page 15199
Connecticut General Statutes § 10-76h sets forth the procedures regarding Special Education hearings and reviewprocedure. Connecticut General Statutes § 10-76h(d)(4) in pertinent part states as follows:
 "Appeals from the decision of a hearing officer or board shall be taken in the manner set forth in Connecticut General Statutes section 4-183. . . ." "Notwithstanding the provisions of section 4-183, such appeal shall be taken to the judicial district wherein the child or pupil resides."
 Connecticut General Statutes § 4-183 titled Appeal to theSuperior Court sets forth the procedures to be followed by a person who has exhausted all administrative remedies available within an administrative agency, and wishes to appeal the final decision, as an aggrieved party.
C.G.S. § 4-183(c) states as follows:
 "Within forty-five days after the mailing of the filing decision under section 4-180, or if there is no mailing within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford, and file the appeal with the clerk of the superior court for the judicial district of Hartford or for the judicial district where the appealing person resides, or if, that person is not a residence of the state, with the clerk of the court for the judicial district of Hartford. Within that time the person appealing shall also serve a copy of the appeal on each party listed in the final decision at that address shown in the decision, provided that failure to make such service within forty-five days on parties other than the agency that rendered the final decision, shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without use of a sheriff or other officer. . . ."
Connecticut General Statutes § 4-183(d) provides as follows:
 "The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the CT Page 15200 clerk of the court an affidavit, or the sheriff's return stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision, and, if service was not made on a party, the reason for failure to make service. If the failure to make service causes prejudice to the party to the appeal or to the agency, the court after hearing may dismiss the appeal."
A review of the court file in this matter reflects that the plaintiff-appellant filed the appeal in the court clerk's office on January 19, 1999, within forty-five days after the hearing officer's decision, which was dated December 28, 1998. In response to the defendant Region 16 School District's Motion to Dismiss, the plaintiff has filed copies of U.S. Mail certified mailing receipts and certified return receipts indicating service of the administrative appeal on the State Department of Education and on the attorney who represented the defendant Region 16 School District at the administrative hearing. The defendant claims that service on its attorney does not satisfy the requirements of Connecticut General Statutes § 4-183(c) and that failure to name the State Department of Education as a defendant on the face of the plaintiff's appeal is non-compliant withConnecticut General Statutes § 4-183(c).
The defendant Region 16 School District, subsequent to the filing of its Motion to Dismiss, now concedes that the plaintiff did serve the State Department of Education by certified mail, return receipt requested, within the statutory 45 day time limit. However, the appeal papers filed with the court did not cite the State Department of Education on its cover page in the case heading. In Tolly v. Dept. of Human Resources, 225 Conn. 13, 19
(1993), the Connecticut Supreme Court discussed at length the service and citation requirements regarding administrative appeals. The Court found that Connecticut General Statutes §4-183(c)(1) allowed for the mailing of copies of the appeal by "United States mail, certified or registered, postage prepaid, return receipt requested without use of a sheriff or other officer." The court further commented that the statute did not provide for a citation. Id. Connecticut General Statutes § 4-183d provides that "if the failure to make service causes prejudice . . . to the agency, the court, after hearing, may dismiss the appeal." The court, therefore, after hearing, must determine that prejudice to the agency resulted from the failure to make service in a proper manner. Tolly v. Department of HumanCT Page 15201Resources, 225 Conn. 13, 28-29 (12993) goes on to state:
 "If, however, as in this case, there is an arguable defect in the process that was timely served on the agency — namely lack of specific language in the appeal directing the defendant to file an appearance on or before the second day after the return day — rather than a failure to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal . . . and the appeal is dismissable only upon a finding of prejudice to the agency."
In this matter the defendant, State Department of Education, has not claimed prejudice to its position. Indeed, the defendant, State Department of Education has not filed an appearance in this matter, nor has it moved to dismiss the appeal. The court's subject matter jurisdiction is implicated only if there was a total failure to serve the State Department of Education within the statutory 45 day period, and not if there is merely a defect in the document timely served on the agency. Tally v. Dept. ofHuman Resources, supra. The court will not dismiss this matter solely because the appeal failed to indicate the State Department of Education as a defendant in its heading, or failed to notify the defendant of the necessity of filing a timely appearance. Additionally, the proper party to raise the issue of a dismissal regarding the State Department of Education would appear to be the State Department of Education, and not the defendant, Region 16 School District.
Defendant Region 16 School District also moves that the appeal be dismissed as the plaintiff served the appeal by certified mail on the defendant's counsel who represented the defendant at the administrative hearing, rather than a proper representative of the Region 16 School District.
The hearing officer's decision, dated December 28, 1998, did not contain the addresses of each party to the decision as provided by Connecticut General Statutes § 4-183(c). The pro se plaintiff mailed her appeal papers to the defendant's counsel of record within the statutory 45 day time period. The defendant, Region 16 School District, does not argue that it was prejudiced by this mailing, nor does it argue that it did not have notice of the proceeding. The defendant, Region 16 School District, was listed on the face of the appeal as a party to the appeal. The court does not feel it is fair to statutorily direct the CT Page 15202 plaintiff to serve a party at the address indicated in the hearing officer's decision, where the decision shows no address, and then, to punish the plaintiff when she sends her appeal capers to the defendant's representative who was present at the hearing.
The court feels that the plaintiff's notice of the appeal to the defendant, Region 16 School District, was sufficient to allow the defendant to timely appear and defend the appeal.
According, the Motion to Dismiss, dated February 25, 1999 is denied.
The Court
Arnold, J.