TOWN OF REDDING ET AL. *v.* CONNECTICUT SITING
COUNCIL ET AL.
(AC 15556)

Dupont, C. J., and Hennessy and Licari, Js.

Argued March 3—officially released July 8, 1997

*John P. Flanagan,* with whom, on the brief, was *Alice Ann Carey,* for the appellant (named plaintiff).

*Mark F. Kohler,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

*Robert F. Vacchelli,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the appellee (defendant department of public safety).

*Robert K. Ciulla,* with whom, on the brief, were *Charles R. Andres* and *Peter J. Tyrrell,* for the appellee (defendant Springwich Cellular Limited Partnership).

*Opinion*

DUPONT, C. J. This appeal concerns the effectiveness of service of process, in an administrative appeal, on an administrative agency. On September 21, 1995, the plaintiffs[1] filed an appeal with a return date of October 17, 1995, in the Superior Court, appealing an adverse decision of the Connecticut siting council (siting council). The petition named as defendants the siting council; Springwich Cellular Limited Partnership (Springwich); the state department of public safety, division of state police (department of public safety); Robert J. Kaufman; Judith G. Freedman; and John E. Stripp. The petition stated that service had been made on Springwich, George Vermilyea, Neighbors Opposed to Tower, town of Redding, department of public safety c/o Stephen Sarnoski, Stripp, Freedman, and Kaufman. A September 26, 1995 affidavit of service certified that a copy of the petition of appeal had been served on Joel Rinebold, executive director of the siting council, as well as the parties listed in the petition itself. On November 15, 1995, however, an affidavit executed by Rinebold was filed, which stated that he had never received service in this matter. Subsequent thereto, on November 29, 1995, the plaintiffs filed an amended affidavit of service, which did not list service on Rinebold. On appeal, the plaintiffs make no argument that the siting council was served at its office. The siting council filed an appearance on October 10, 1995.

---

[1] In addition to the named plaintiff, the other plaintiffs are George Vermilyea and Neighbors Opposed to Tower.

The trial court granted Springwich's and the siting council's motions to dismiss on the ground that the court lacked subject matter jurisdiction because the plaintiffs had failed to serve the defendant siting council as required by General Statutes § 4-183 (c).[2]

The plaintiffs have appealed to this court, claiming that the trial court improperly dismissed the action. The plaintiffs argue that the siting council had been served within the proper time frame because another agency at the attorney general's office, the department of public safety, had been served. The plaintiffs claim that that service met the requirements of § 4-183 (c) because that section provides that service on the office of the attorney general in Hartford is effective service. Further, the plaintiffs note that the siting council had notice of the appeal, as evidenced by its filing an appearance well in advance of the return date.

In *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 621 A.2d 719 (1993), the Supreme Court set forth the result when service on an agency has not been properly made. "If there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c), read against the background of the preexisting law. . . . If, however . . . there is an arguable defect in the process that was timely served on the agency . . . rather than a failure

---

[2] General Statutes § 4-183 (c) provides in relevant part: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, *a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford* . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. . . ." (Emphasis added.)

to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissable only upon a finding of prejudice to the agency." (Citations omitted; internal quotation marks omitted.) Id., 28–29.

The plaintiffs argue that their failure to serve the siting council directly is a defect rather than a lack of service because the attorney general's office was served with the petition, as required by § 4-183 (c), albeit addressed on the envelope to a different agency. The plaintiffs argue that the service on the department of public safety, because it is another agency of the attorney general's office, is equivalent to service on the siting council, and, therefore, the omission of the siting council on the envelope constitutes merely a defect in the process. It was clear, they allege, from the caption of the case that the siting council was also meant to be served.

We agree with the defendants that the service on the department of public safety cannot be said to constitute service also on the siting council. This is not the same as a case in which service was made on the attorney general's office generally, and it was left to the attorney general to make sure that the proper agency received notice of the appeal. Here, the petition was addressed to the department of public safety, and the assistant attorney general who had represented the department in the agency matter was specifically named. Nowhere was the siting council itself, or the assistant attorney general who had represented it, mentioned as the recipient of service of process. When two agencies are to be served with process, serving only one does not constitute proper service as to the other. Two copies needed to be served here. Because there was no service on the siting council, the trial court lacked subject matter jurisdiction.

"[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent

either in the trial court or here." (Internal quotation marks omitted.) *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 34–35, 653 A.2d 168 (1995). In *Mannweiler*, although the lack of notice, pursuant to Practice Book § 390 (d), to other owners in a subdivision was a fatal flaw that deprived the trial court of jurisdiction in a declaratory judgment action, in which injunctive relief was also sought, the lack of jurisdiction did not require a dismissal. Id., 36. Instead, the case was remanded to the trial court so that the plaintiffs could cure the jurisdictional defect regarding the notice requirement. See *Serrani* v. *Board of Ethics*, 225 Conn. 305, 309–10, 622 A.2d 1009 (1993); see also *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, 215 Conn. 224, 230, 575 A.2d 693 (1990).

If this case is procedurally similar to *Mannweiler*, the case must be remanded to the trial court for further proceedings so that service may be effected. If, however, it is not, we must affirm the decision of the trial court that dismissed the appeal.

In a recent case, *Gemmell* v. *Lee*, 42 Conn. App. 682, 686, 680 A.2d 346 (1996), an action to quiet title, it was held that the principle of *Mannweiler* applied, and the case was accordingly remanded to cure the lack of notice to indispensable parties. Thus, *Mannweiler* has been applied to an action other than one for a declaratory judgment. An action to quiet title, however, like one for a declaratory judgment, can involve the necessity of notifying indispensable parties. The present action is neither one for a declaratory judgment nor an action to quiet title.

The key language of *Serrani* v. *Board of Ethics*, supra, 225 Conn. 309 n.5, on which *Mannweiler* relied, is the statement that "[u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction

. . . *the bringing* of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." (Emphasis added.) In other words, those actions, that pend in the trial court while notice is given to indispensable, necessary or interested parties or while motions to intervene are being entertained, are different from administrative appeals because the former can exist or be brought, unlike the latter which cannot be brought at all, if there has been a total failure to comply with statutory mandates.

*Connecticut Ins. Guaranty Assn., Serrani,* and *Mannweiler* are distinguishable from the present case because they involved actions in which the suit could be brought even though notice to indispensable, necessary or interested parties was lacking. Here, however, the plaintiff failed to serve the siting council, the agency that rendered the final decision. Section 4-183 (c) mandates that the administrative appeal cannot be brought at all if the party fails to make such service. Although the issues of a lack of notice and a lack of service of process are similar in that each provides a manner of informing other parties or potential parties of a suit or claim; see *Smith* v. *Smith,* 150 Conn. 15, 20, 183 A.2d 848 (1962); the lack of service of process in an administrative appeal is so fundamental to the existence of the action itself that the failure of subject matter jurisdiction cannot be cured. We conclude that *Mannweiler* does not apply here, and the failure to comply with the statutory provisions of § 4-183 (c) makes dismissal mandatory.

The judgment is affirmed.

In this opinion the other judges concurred.