[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff brings this action pursuant to the Uniform Administrative Procedures Act (UAPA) General Statutes §§ 4-166, et seq; 4-183.[1]
The plaintiff is obligated under § 4-183 (c) to serve and file his appeal within forty-five days after the mailing of the administrative decision. This section further provides that service shall be made either by certified mail or personally by an indifferent person.
Plaintiff in this case served the office of the Attorney General in Hartford and mailed by regular mail a copy of his petition to the Freedom of Information Commission (FOIC). Ordinarily service on the Attorney General in Hartford is sufficient service on the state agency for purposes of the UAPA.
However, the legislature has very specifically provided that for administrative appeals of FOIC decisions service must be made directly on the FOIC.
General Statutes § 1-21i (d) provides in pertinent part:
 Notwithstanding the provisions of subsection (c) of sections 4-183 and section 52-64, all process shall be served upon the commission at its office.
The service by the plaintiff in this case was not in accordance with §§ 4-183c and 1-21i (d). Though this appears to be a case of first impression, the result seems clear. Reading the plain language of §§ 4-183 (c) and 1-21i (d) together establishes that in administrative appeals of FOIC decisions service must be made upon the commission at its office, serving the Attorney General's Office is insufficient. See Town ofRedding v. Connecticut Siting Council, 45 Conn. App. 620, cert. denied, 243 Conn. 92 (1997). Additionally, the means of CT Page 1545 effectuating such service are by certified or registered mail, or by personal service by an indifferent person.
In this case a copy of the appeal sent by regular mail is insufficient. Our Supreme Court has stated that the failure to both file and serve the appeal upon the appropriate agency within the forty-five day period deprives the Superior Court of jurisdiction. Glastonbury Volunteer Ambulance Assn., Inc. v. FOIC,227 Conn. 848, 854 (1993); Town of Redding v. Connecticut SitingCouncil, supra, 45 Conn. App. 625.
The motion to dismiss is granted. This appeal is ordered dismissed.
McWEENY, J.