MEMORANDUM OF DECISION
CT Page 7545
The respondent has appealed the decision of the Department of Children and Families (DCF) denying him visitation with his daughter. DCF has filed a motion to dismiss on the grounds of lack of jurisdiction due to improper service on the agency, failure to include a return date, failure to file an affidavit of service and failure to file a court-ordered brief.
 I
On October 22, 1997, Louis Romano, adjudicator, administrative hearings unit, DCF, issued his final decision after holding a treatment plan hearing pursuant to General Statutes § 17a-15. On November 3, 1997, the respondent filed this appeal pursuant to General Statutes §§ 17a-15 and 4-183. The appeal did not contain a return date. Attached to the appeal was a certification of service by respondents attorney. The certification stated that a copy of the appeal was mailed on October 31, 1997 postage prepaid to Nina Elgo, AAG, service by certified mail, MacKenzie Hall, 110 Sherman Street, Hartford, CT 06105 and Department of Children and Families, service by certified mail, Administrative Hearing Unit, 505 Hudson Street, Hartford, CT 06106. On January 13, 1998, DCF filed the turn of record, a motion to dismiss and a memorandum of law in support. On January 15, 1998, DCF filed an answer and special defense. On January 30, 1998, the respondent filed an objection to the motion to dismiss. The court held a hearing on February 5, 1998. On February 9, 1998, DCF filed a reply memorandum.
 II
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142 [now Practice Book (1998 Rev.) § 10-30]. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book § 143 [now Practice Book (1998 Rev.) § 10-31]."Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v.CT Page 7546Department of Human Resources, 225 Conn. 13, 29,621 A.2d 719 (1993). "The determination of whether a statutory requirement implicates the subject matter jurisdiction of the court must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Id.
 III
The respondent appealed pursuant to General Statutes §17a-15 (d), which allows for the appeal of a final decision regarding a treatment plan decision pursuant to General Statutes § 4-183. General Statutes § 4-183 (c) states that a person filing an administrative appeal "shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford . . . . provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested . . . ."
"If there is no service at all on the agency within the forty five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c) . . . ." Tolly v. Department of HumanResources, 225 Conn. 13, 28, 621 A.2d 719 (1993). DCF argues that General Statutes § 4-183 (c) requires service upon the head of DCF or the Attorney General or a subordinate designated to receive service of process.[2] The certification states that service was made on DCF at 505 Hudson Street in Hartford. That address is the location of DCF's main office. Additionally, even though the statute requires service on the agency or the attorney general's office, the respondent served both. The certification states that service was made upon Nina Elgo, AAG, at 110 Sherman Street in Hartford.
In Redding v. Connecticut Siting Council,45 Conn. App. 620, 697 A.2d 698, cert. denied, 243 Conn. 920, 701 A.2d 343
(1997), the plaintiff named two state defendants, the state siting council and the state department of public safety, in its administrative appeal. Service was made only upon the assistant attorney general (AAG) who represented the department of public safety. The siting council filed a motion to dismiss for CT Page 7547 insufficient service. The plaintiffs argued that service upon the AAG for one agency was sufficient service upon the other. The trial court granted the motion, which was affirmed. On appeal, the Appellate Court said "[w]hen two agencies are to be served with process, serving only one does not constitute proper service to the other." Id., 623. In that case, as in the present matter, the plaintiff served an AAG on behalf of a state agency. Although the AAG in the present matter was not involved in the prior proceedings, at the time of the appeal she did represent DCF in matters arising out of the Superior Court for Juvenile Matters at Rockville where the underlying neglect petition was then pending. See Ramos v. Dept. of Children Families, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567263, 19 CONN. L. RPTR. 535 (May 28, 1997, Maloney, J.) (copy of appeal sent to OCF at 505 Hudson Street and to an AAG at 110 Sherman Street, where the child protection unit is located, is satisfactory service.)
Thus, the court finds service on the agency and the attorney general was adequate service that enabled the proper agency to receive notice of the appeal. This service therefore does not deprive the court of subject matter jurisdiction.
 IV
DCF also claims that the failure to include a return date deprives the court of subject matter jurisdiction. The respondent counters that the failure to include a return date renders the case dismissible pursuant to General Statutes § 4-183 (d), only if DCF shows prejudice. General Statutes § 4-183 (d) provides: "The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the clerk an affidavit, or the sheriff's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision . . . If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal."
While there is no reference to a return date in General Statutes § 4-183, the Connecticut Supreme Court has said, "[w]e do not view this omission as any indication that there should be no restriction upon the plaintiff's choice of date for the defendant to appear in response to an administrative appeal."Haylett v. Commission on Human Rights Opportunities,
CT Page 7548207 Conn. 547, 554, A.2d (1988). The court held that General Statutes § 52-48 (b), the statute requiring a return date, applies to administrative appeals and therefore the process is returnable not later than two months after the date of process.
In Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618, 642 A.2d 1186 (1994), the plaintiff included an improper return date. The court permitted the plaintiff to amend the return date pursuant to General Statutes § 52-72, which states in part that a "court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective." General Statutes § 52-72 (a). The court said the statute allowing such an amendment was intended to take the sharp edges off the common law. Id., 623. Recently, the court reiterated its preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) Coppola v.Coppola, 243 Conn. 657, 665, A.2d (1998). "It is undisputed that the defendant received actual notice of the cause of action within the statutory time frame [and] suffered no prejudice . . . ." Id., 666. The court did not address the issue in the present matter, the failure to include a return date. InRegan v. State Department of Social Services, Superior Court, judicial district of New Haven, Docket No. 379879, 17 CONN. L. RPTR. 263 (July 31, 1996, Corradino, J.), the court said the lack of a return date does not affect subject matter jurisdiction, but is dismissible only upon a showing of actual prejudice pursuant to General Statutes § 4-183 (d). The court said the lack of a return date, like a defective return date, is not presumptively prejudicial to require the granting of a motion to dismiss. Id.Contra Datacom Results, Inc. v. Castro, Superior Court, judicial district of Hartford-New 7 Britain at New Britain, Docket No. 704134, 16 CONN. L. RPTR. 273 (March 21, 1996, Hennessey, J.) (court lacks subject matter jurisdiction when the return date is missing).
"If there is an arguable defect in the process that was timely served on the agency . . . rather than a failure to make service at all within the applicable time period, the court does not lack subject matter jurisdiction over the appeal. Under those circumstances, § 4-183 (d) applies, and the appeal is dismissible only upon a finding of prejudice to the agency."Tolly v. Department of Human Resources, supra,225 Conn. 28. CT Page 7549
Thus, the court finds the failure to include a return date does not deprive the court of subject matter jurisdiction. Additionally, the court does not find that DCF has been prejudiced by the lack of a return date nor has DCF claimed prejudice. The agency has filed not only the motion to dismiss, but an answer and special defense.
 V
DCF also asks the court to dismiss the appeal because the respondent has failed to file either an affidavit of service along with the return receipts or the court-ordered brief on the merits of the appeal.
General Statutes § 4-183 (d) requires an affidavit of service be filed not more than fifteen days after the appeal is filed. See Tolly v. Department of Human Services,supra, 225 Conn. 16-17 (plaintiff's counsel filed a certification with the appeal and fifteen days later filed an affidavit of service along with the return receipts). Although the respondent filed a certification with the appeal, he has not filed an affidavit of service.
Parties to an administrative appeal are required to file briefs within the time prescribed by the rules of practice or as the court may otherwise order. Practice Book § 257, now Practice Book (1998 Rev.) § 14-7. Respondent's counsel claims that he was unsure as to when his brief was due. (Objection to Motion to Dismiss Administrative Appeal). If a party does not file its brief as required, the court may make an order as the ends of justice require. Practice Book § 14-7.
 VI
While the court finds there are several defects in the appeal, the court also finds that granting the motion to dismiss without qualification would not serve the ends of justice. Thus, the court grants DCF's motion to dismiss the appeal unless the respondent files an affidavit of service and brief within thirty days.
PECK, J.