CITY OF HARTFORD v. STANLEY V. TUCKER ET AL.
(14573)

PETERS, C. J., CALLAHAN, BERDON, NORCOTT and KATZ, Js.

Argued December 3, 1992—decision released March 23, 1993

*Stanley V. Tucker,* pro se, the appellant (named defendant).

*Michael C. Collins,* assistant corporation counsel, for the appellee (plaintiff).

NORCOTT, J. The sole issue in this appeal is whether the initiation of a federal forfeiture proceeding pursuant to 21 U.S.C. § 881 requires a stay of concurrent state foreclosure proceedings pursuant to General Statutes § 12-181. The plaintiff, the city of Hartford, initiated an action in the trial court to foreclose municipal tax liens on property owned by the named defendant, Stanley Tucker. The named defendant appealed the trial court's judgment of foreclosure by sale to the Appellate Court, which affirmed the judgment of the trial court. *Hartford* v. *Tucker,* 27 Conn. App. 912, 606 A.2d 62 (1992). We granted the named defendant's petition for certification limited to the following issue: "Does the initiation of federal forfeiture proceedings

stay concurrent foreclosure proceedings pending in the state's courts?" *Hartford* v. *Tucker,* 223 Conn. 909, 612 A.2d 55 (1992). We conclude that it does not.

The relevant facts are undisputed. The plaintiff commenced an action to foreclose municipal tax liens on property owned by the named defendant in February, 1983. After a second trial,[1] the trial court rendered a judgment of foreclosure by sale. The named defendant appealed to the Appellate Court, which affirmed the judgment of foreclosure by sale and remanded the case to the trial court to reset the foreclosure sale date. *Hartford* v. *Tucker,* supra, 27 Conn. App. 912.

While the named defendant's appeal of the judgment of foreclosure by sale was pending in the Appellate Court, the federal government filed an action against his property pursuant to 21 U.S.C. § 881, the forfeiture provision of the Controlled Substances Act. This statute provides that all property that is used or intended to be used to facilitate a violation of the act's provisions is subject to forfeiture to the United States. The complaint filed by the federal government in August, 1991, alleged that, beginning in March, 1989, controlled substances were sold on the named defendant's property. The property was seized by a United States marshall in August of 1991.

Shortly after the Appellate Court's decision had been rendered, the named defendant filed a motion for rehearing in the Appellate Court. That motion asserted, for the first time, that sovereign immunity and interests of comity required that the state foreclosure action

---

[1] On March 11, 1985, the trial court, *Shaughnessy, J.* rendered judgment of strict foreclosure from which the named defendant appealed. The Appellate Court concluded that the trial court had miscalculated the amount of the tax arrearage and remanded the case for a new trial. *Hartford* v. *Tucker,* 8 Conn. App. 209, 215, 512 A.2d 944 (1986). It is from the Appellate Court's affirmance of the trial court's judgment on the second trial that the named defendant appeals pursuant to our grant of certification.

be stayed because the same *res* was at issue in both the state and federal actions. This motion was denied. The named defendant then petitioned this court for certification, which we granted limited to consideration of whether the initiation of a federal forfeiture proceeding automatically stayed concurrent foreclosure proceedings pending in the state's courts.

The named defendant claims that § 881 (c)[2] gives exclusive jurisdiction to the federal courts over property subject to forfeiture while forfeiture actions are pending.[3] Thus, he argues, any concurrent state actions must automatically be stayed pending the outcome of the federal forfeiture action. We disagree.

This is an issue of first impression in Connecticut. An analogous situation, however, was recently addressed by the United States Court of Appeals for the First Circuit in *In re Newport Savings & Loan Assn.*, 928 F.2d 472 (1st Cir. 1991), where a bank, holding mortgages on property seized by the federal government under § 881, sought to initiate a foreclosure

---

[2] Section 881 (c) of title 21 of the United States Code provides in relevant part: "Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof."

[3] The named defendant also claims that the taxes assessed on the 1988–91 tax lists were invalid due to 21 U.S.C. § 881 (h), which states that "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." In this case, therefore, title to the named defendant's property would have vested in the United States on March 2, 1989, the date of the first alleged infraction, rather than on August 26, 1991, the date of the seizure. He claims that because the city of Hartford has no right to tax the federal government, all taxes relating back to the date of the original violation are void. The plaintiff concedes this point. But see *United States* v. *A Parcel of Land, Buildings, Appurtenances & Improvements, known as 92 Buena Vista Avenue, Rumson, New Jersey,* 507 U.S.    , 113 S. Ct. 1126, 1134–35, 122 L. Ed. 2d 469 (1993) (relation back doctrine of § 881 [h] does not vest title in the federal government until it has obtained a judgment of forfeiture). We do not address this claim, however, as it is not relevant to the certified issue.

proceeding in the state court on the same property. The court held that § 881 (d) provides the necessary guidance when there are multiple claims to the same property. That provision states that "[t]he provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the *customs laws* . . . shall apply to seizures and forfeitures [under this statute] . . . insofar as applicable and not inconsistent with the provisions hereof . . . ." (Emphasis added.) 21 U.S.C. § 881 (d). The court further explained that the customs laws permitted the release of seized property upon the posting of a proper bond. *In re Newport Savings & Loan Assn.,* supra, 479. Customs laws, therefore, contemplate the exercise of concurrent jurisdiction over the same *res* so long as proper security is offered through the posting of a bond to protect the government's interests.

We agree with the reasoning of the court in *In re Newport Savings & Loan Assn.,* supra, that the enactment of § 881 (d) counsels against reading the forfeiture statute to provide for exclusive jurisdiction. We note, moreover, that 21 U.S.C. § 903,[4] the anti-preemption provision of the Controlled Substances Act, evidences the fact that Congress specifically considered the issue of concurrent state proceedings and decided to allow them. See *United States* v. *$79,123.49 In United States Cash & Currency,* 830 F.2d 94 (7th Cir. 1987) (concurrent state and federal forfeiture actions held to be permissible due to the antipreemption provision).[5]

---

[4] 21 U.S.C. § 903 provides as follows: "No provision of this subchapter shall be construed as indicating an intent on that part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together."

[5] The United States Court of Appeals for the Seventh Circuit further stated that 21 U.S.C. § 881 (c) "hardly establishes that the state court lacked

Furthermore, § 881 is "unlike bankruptcy,[6] [in that] no [provision] seems to say that anyone needs a federal court's approval in order to bring a state-law foreclosure action." *In re Newport Savings & Loan Assn.,* supra, 474.

In the absence of unambiguous statutory language supporting a stay or evidence that Congress clearly intended that the federal government have exclusive jurisdiction, we hold that 21 U.S.C. § 881 does not bar concurrent state court jurisdiction. We conclude, therefore, that the initiation of federal forfeiture proceedings under § 881 does not require a stay of concurrent state foreclosure proceedings.

Our conclusion, however, is not determinative of whether a discretionary stay might be appropriate in this sort of proceeding. We note that "as a practical matter, it may be impossible to find a buyer at a foreclosure sale for property that is 'in the custody of the Attorney General,' 21 U.S.C. § 881 (c), and to which the United States asserts a legal claim." *In re Newport Savings & Loan Assn.,* supra. It undoubtedly

---

jurisdiction . . . since the court was proceeding under a valid [state] forfeiture statute." *United States* v. *$79,123.49 in United States Cash & Currency,* 830 F.2d 94, 98 (7th Cir. 1987). That court, therefore, found the state and federal forfeiture statutes to be sufficiently disparate so that there was not a positive conflict . . . so that the two could not consistently stand together. 21 U.S.C. § 903. State foreclosure proceedings and federal forfeiture actions are even more dissimilar, and therefore even less likely to produce the conflict contemplated by 21 U.S.C. § 903.

[6] The federal bankruptcy statute, 11 U.S.C. § 362, provides in pertinent part: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee (a) (3)), operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . ."

would be within the power of the trial court, in the reasonable exercise of its discretion, to stay further proceedings pending the outcome of the forfeiture action. See *First National Bank & Trust Co.* v. *McCoy,* 124 Conn. 111, 116, 198 A. 183 (1938); *Sauter* v. *Sauter,* 4 Conn. App. 581, 584–85, 495 A.2d 1116 (1985). On remand to the trial court to set the foreclosure sale date, therefore, the trial court should consider whether a discretionary stay would be warranted.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.