[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 20, 1997
On November 22, 1995, the plaintiff, Sandra McDonough, filed a three-count complaint alleging vexatious litigation pursuant to General Statutes § 52-568, and abuse of process, against the defendant, Ralph E. Harvey. The plaintiff alleges in her complaint that she represented the defendant's former wife in a dissolution of marriage action. The plaintiff further alleges that on January 6, 1992, the defendant filed an action in the United States District Court in which he alleged that the plaintiff violated his civil rights during the prosecution of the dissolution action. The plaintiff alleges that this action was dismissed by the district court, sua sponte, which decision was affirmed by the United States Court of Appeals. The plaintiff alleges that the action the defendant brought in federal court was brought with malice and without probable cause.
The defendant filed a motion to dismiss the plaintiff's action on January 10, 1996, which this court denied with the proviso that the defendant could file another motion to dismiss based on lack of subject matter jurisdiction provided that such motion was supported by a proper memorandum of law. On July 26, 1996, the defendant filed a second motion to dismiss on the ground of lack of subject matter jurisdiction because relief for bringing a frivolous or vexatious suit in federal court is only allowed under Rule 11 of the Federal Rules of Civil Procedure. The plaintiff filed a memorandum in opposition on August 7, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13, CT Page 1880 29, 621 A.2d 719 (1993).
The defendant contends that this court lacks subject matter jurisdiction over this action because Rule 11 of the Federal Rules of Civil Procedure governs relief for vexatious and frivolous suits brought in federal court.
In the absence of unambiguous statutory language that Congress clearly intended that the federal government have exclusive jurisdiction over an action, state courts have concurrent jurisdiction. Hartford v. Tucker, 225 Conn. 211, 216,621 A.2d 1339, cert. denied, 510 U.S. 868, 114 S.Ct. 192,126 L.Ed.2d 150 (1993). "The Superior Court has jurisdiction of all matters expressly committed to it and of all other judicially cognizable matters not within the exclusive jurisdiction of another court." Shea v. First Federal Savings Loan of NewHaven, 184 Conn. 285, 290, 439 A.2d 997 (1981). "The Superior Court is a court of general jurisdiction that derives its power in civil matters from General Statutes § 52-1." Hilton v.City of New Haven, 233 Conn. 701, 728, 661 A.2d 973 (1995).
Rule 11 provides that the court may impose sanctions on a party that signs pleadings or motions that are filed for an improper purpose. Federal Rules of Civil Procedure, Rule 11. The plaintiff has brought two claims under General Statutes §52-568 which provides that "[a]ny person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." Rule 11 does not provide that it is the exclusive remedy for frivolous lawsuits, especially in light of the fact that it only allows sanctions; it does not compensate for damages. Furthermore, the plaintiffs claims in vexatious litigation are brought under Connecticut statute, and count three, alleging abuse of process is a common law action. Therefore, this court, as a court of general jurisdiction, has jurisdiction over the plaintiff's claims even though the action arises out of an action filed in federal court. Accordingly, the defendant's motion to dismiss is denied.
MORAN, J. CT Page 1881