TOWN OF BRANFORD *v.* JAMES V. MONACO ET AL.
(AC 17005)

Foti, Sullivan and Dupont, Js.

Argued January 15—officially released March 24, 1998

*William S. Palmieri*, with whom, on the brief, was *John R. Williams*, for the appellants (named defendant et al.).

*Timothy J. Lee*, with whom, on the brief, was *Leonard A. Fasano*, for the appellee (plaintiff).

*David J. Sheldon*, assistant United States attorney, with whom, on the brief, was *Lisa M. Kral*, assistant United States' attorney, for the appellee (defendant United States of America).

*Opinion*

SULLIVAN, J. The defendants James V. Monaco and Mary E. Monaco[1] appeal from the judgment of foreclosure by sale rendered in favor of the plaintiff town of Branford. The defendants claim that the trial court improperly granted the plaintiff's motion for judgment of foreclosure and its prior motion for summary judgment because the court (1) lacked subject matter jurisdiction and, alternatively, if it had jurisdiction, (2) failed to consider the defendants' special defenses. The defendant United States of America (United States) is named in this action as a result of a lis pendens filed on the subject property in connection with a federal forfeiture action. We affirm the judgment of the trial court.

The following procedural history is undisputed. In 1992, prior to the institution of the present foreclosure action, the United States filed in federal court a forfeiture action pursuant to 18 U.S.C. § 981 (a) (1) (A)[2] against property owned by the defendants and located at 22 Indian Woods Road in Branford. The complaint alleged that the property was used to commit or to facilitate the commission of a violation of the Controlled

---

[1] In this opinion, we refer to James V. Monaco and Mary E. Monaco as the defendants.

[2] Section 981 (a) (1) of title 18 of the United States Code provides in relevant part: "Except as provided in paragraph (2), the following property, real or personal, is subject to forfeiture to the United States:

"(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) [providing for a reporting requirement on domestic coins and currency transactions] or 5324 (a) [prohibiting the structuring of transactions to evade reporting requirement] of title 31, or of section 1956 or 1957 [providing for civil forfeiture of property involved in money laundering] of this title, or any property traceable to such property. . . ."

Substances Act, 21 U.S.C. § 801 (1994) et seq., or that the property was purchased with proceeds derived from a violation of that act.[3]

In 1993, after the United States seized the property, the defendants signed a claimant occupancy and indemnity agreement. This agreement allowed the defendants to remain in occupancy of the property under certain conditions, one of which was that they pay all property taxes, both delinquent and current, during the pendency of the forfeiture proceeding. On June 4, 1993, the defendants filed a motion to modify the agreement, claiming that they, as individual occupants of federally seized property, were entitled to vicarious immunity from having to pay the property taxes due to the plaintiff. The United States District Court for the District of Connecticut, Cabranes, J., denied that motion. Thereafter, on February 14, 1996, the United States sought an order requiring the defendants to vacate the property because of their failure to pay the property taxes as required by the agreement. The District Court, Thompson, J., ordered the defendants to make a good faith effort to pay the tax arrearage pending the outcome of the forfeiture action. The federal forfeiture action is currently pending in the District Court.

In April, 1996, the plaintiff commenced the present action to foreclose municipal tax liens on the subject property pursuant to General Statutes § 12-181. On

---

[3] Section 881 (a) of title 21 of the United States Code provides in relevant part: "The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner. . . ."

December 9, 1996, the defendants filed an answer and two special defenses. The first special defense stated merely that the property was seized by the federal government pending the civil forfeiture trial and that the outcome of that trial would determine the party responsible for payment of the taxes. The second special defense alleged that the trial court lacked subject matter jurisdiction. The trial court granted summary judgment in favor of the plaintiff on February 10, 1997. Subsequently, on March 10, 1997, the trial court rendered the judgment of foreclosure by sale. That judgment, which forms the basis of this appeal, covers tax liens due on the subject property from 1990 through 1995.

I

The defendants claim that the trial court improperly granted summary judgment in favor of the plaintiff because the court lacked subject matter jurisdiction.[4] The issue presented by this claim is identical to that decided in *Hartford* v. *Tucker*, 225 Conn. 211, 621 A.2d 1339, cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993), namely, whether the initiation of a federal forfeiture action requires a stay of a concurrent state court foreclosure action. In accordance with *Tucker*, we conclude that it does not.

In *Tucker*, the plaintiff initiated an action to foreclose municipal tax liens on property owned by the defendant. The trial court subsequently rendered a judgment of foreclosure by sale. During the period in which the defendant's appeal of that judgment was pending, the

---

[4] The defendants asserted their claim of lack of subject matter jurisdiction as a special defense. A motion to dismiss is the proper procedural device to raise a claim of lack of subject matter jurisdiction. Practice Book § 143. Nevertheless, "[o]nce the question of lack of [subject matter] jurisdiction is raised, it must be disposed of no matter in what form it is presented." (Internal quotation marks omitted.) *State* v. *Booker*, 28 Conn. App. 34, 39, 611 A.2d 878, cert. denied, 223 Conn. 919, 614 A.2d 826 (1992), cert. denied, 507 U.S. 916, 113 S. Ct. 1271, 122 L. Ed. 2d 666 (1993).

federal government filed an action against the property pursuant to 21 U.S.C. § 881, the forfeiture provision of the Controlled Substances Act. After this court affirmed the decision of the trial court, the defendant filed a motion for rehearing claiming that the institution of the federal action required a stay of the state foreclosure action because the same res was at issue in both cases. On petition for certification from this court's denial of the defendant's motion for a rehearing, the defendant claimed that § 881 gave the federal courts exclusive jurisdiction over the property subject to foreclosure.

The *Tucker* court held that "[i]n the absence of unambiguous statutory language supporting a stay or evidence that Congress clearly intended that the federal government have exclusive jurisdiction . . . 21 U.S.C. § 881 does not bar concurrent state court jurisdiction." Id., 216. The court relied on *In re Newport Savings & Loan Assn.*, 928 F.2d 472 (1st Cir. 1991), in which a bank, "holding mortgages on property seized by the federal government under § 881, sought to initiate a foreclosure proceeding in the state court on the same property." *Hartford* v. *Tucker*, supra, 225 Conn. 214–15. The *Newport Savings* court noted that § 881 (d) provides that the provisions of law relating to the seizure of property for violation of the customs laws apply to seizures of property under § 881. As stated in *Tucker*, the court in *Newport Savings* reasoned that since the customs laws permit the release of seized property upon the posting of bond, the customs laws "contemplate the exercise of concurrent jurisdiction over the same res so long as proper security is offered through the posting of a bond to protect the government's interests." *Hartford* v. *Tucker*, supra, 215. Thus, the *Tucker* court agreed with the conclusion in *Newport Savings* that "the enactment of § 881 (d) counsels against reading the forfeiture statute to provide for exclusive jurisdiction." Id. In addition, the *Tucker* court determined that the anti-preemption provision of the Controlled Sub-

stances Act, 21 U.S.C. § 903,[5] "evidences the fact that Congress specifically considered the issue of concurrent state proceedings and decided to allow them." Id., citing *United States* v. *$79,123.49 In United States Cash & Currency*, 830 F.2d 94 (7th Cir. 1987). On the basis of the foregoing, we conclude that the state court had jurisdiction to render summary judgment in this matter and to render the judgment of foreclosure by sale.

## II

The defendants next claim that if the trial court had jurisdiction, it improperly failed to consider their equitable defenses in ruling on the plaintiff's motion for summary judgment. We disagree.

The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . ." See *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 250, 654 A.2d 748 (1995). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." *Haesche* v. *Kissner*, 229 Conn. 213, 217, 640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of . . . a disputed

---

[5] Section 903 of title 21 of the United States Code provides: "No provision of this title shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this title and that State law so that the two cannot consistently stand together."

issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]" (Internal quotation marks omitted.) *Water & Way Properties* v. *Colt's Mfg. Co.*, 230 Conn. 660, 665, 646 A.2d 143 (1994).

In support of its motion for summary judgment, the plaintiff filed an affidavit of the tax collector for the town, Janet Kaminsky, who averred that a tax lien existed against the subject property for arrearages in the years 1990 through 1995. The defendants do not contest the existence of the tax debt but rather assert that they alleged a legally sufficient defense that the court improperly failed to consider. The defendants asserted, as a special defense, that the outcome of the federal action will determine whether the outstanding taxes will be paid by the defendants or by the United States. They argue that it would be inequitable to foreclose on the subject property prior to the conclusion of the federal action because it will render them homeless. The defendants' generalized claim of inequity does not constitute a legally sufficient defense to a foreclosure action. *Petterson* v. *Weinstock*, 106 Conn. 436, 138 A. 433 (1927). Furthermore, the order of the federal District Court required the defendants to make a good faith effort to pay the property taxes pending the outcome of the federal litigation. The defendants did not make any offer of proof or prove to the trial court that such an effort was made and, therefore, even if such a special defense was viable, it would fail in this case. Accordingly, we conclude that the trial court properly rendered the judgment of foreclosure in favor of the plaintiff.

The judgment is affirmed, and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.