[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 13, 1995, the plaintiff brought the instant action to foreclose a mortgage encumbering the defendants', Brian and Delores Sinotte ("Sinottes"), real property located at 82 Old Colony Drive in Waterbury, Connecticut. CT Page 6986
The plaintiff claims that it is the holder of the mortgage note and deed in issue and that it has accelerated the debt evidenced by same, for nonpayment.
On January 30, 1998, the Sinottes filed an answer and five special defenses. Subsequently, on March 11, 1998, the plaintiff filed a motion to strike the special defenses together with a memorandum of law. The Sinottes have neither objected to the motion nor filed a memorandum of law in opposition as required by Practice Book § 155, now Practice Book (1998 Rev.) § 10-41, and for this reason the motion may be granted. However, the court opts to review the various allegations in order to determine whether or not any of them are legally sufficient.
"The motion [to strike] is the proper vehicle to challenge or attack the sufficiency of a special defense. Mingachos v. CBSInc., 196 Conn. 91, 109, 491 A.2d 368 (1985)." Benoit v.Connecticut Trails Council of Girl Scouts, Inc., Superior Court, judicial district of Waterbury, Docket No. 083152 (November 22, 1989, Kulawiz, J.) (1 Conn. L. Rptr. 47, 48). "`The allegations of the special defense attacked by a [motion to strike] must be tested by the facts provable under them.' Connecticut StudentLoan Foundation v. Vellano, 1 CSCR 346 (May 22, 1986, Schaller, J.) quoting McNish v. American Brass Co., 139 Conn. 44, 48-49
[89 A.2d 566] (1952). The allegations of the special defenses must be construed most favorably to the party asserting the defense."First National Bank of Boston v. Murphy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 094820 (March 13, 1990, Landau, J.) (1 Conn. L. Rptr. 357, 358).
First Special Defense
The Sinottes argue in their first special defense that "[t]he Plaintiff breached its implied covenant of good faith and fair dealing with the Defendants by failing to provide a proper accounting related to the debt in dispute and by failing to provide notices of rate changes in accordance with the terms of the note." Answer of The Defendants Brian And Dolores Sinotte, p. 1-2.
As this court stated in GMAC Mortgage Corporation v.Ferrante, Superior Court, judicial district of Fairfield, Docket No. 343559 (October 3, 1997), "[a]lthough a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of CT Page 6987 equitable principles . . . a defendant must plead sufficient facts to justify its application," and the Sinottes have failed to do so.
"The . . . special defense [to the foreclosure] states: `The plaintiff's . . . did not accurately compute the sums due.' . . . In an unusual case the court can refuse the equitable remedy of foreclosure . . . where enforcement of the terms of the mortgage would be unconscionable. . . . Clearly, the . . . special defense, as pleaded, [does] not allege that the rate charged was usurious, but merely concluded that the defendants have been overcharged. The defense pleaded amounts to no more than a claim of periodic error in calculating the interest on the note, which may affect the amount of the debt, but it does not allege facts sufficient to prevent foreclosure of the mortgage under recognized defenses." (Citations omitted; internal quotation marks omitted.) GMAC Mortgage Corporation v. Ferrante, supra, Superior Court, Docket No. 343559.
"A foreclosure action is an equitable proceeding. Courts have therefore recognized various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing . . . However, only those equitable defenses which attack the making, enforcement, or validity of a note or mortgage should be recognized in a foreclosure action." (Citations omitted; internal quotation marks omitted.) Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130109 (January 24, 1994, Dean, J.).
Accordingly, the Sinottes' first special defense does not allege sufficient facts regarding the internal contract rate to state a claim of usury and thus a violation of the implied covenant of good faith and fair dealing. Furthermore this special defense does not attack the making, enforcement, or validity of the note or mortgage in regards to the allegations of an improper accounting. Therefore, the Sinottes' first special defense is stricken.
Second Special Defense
The Sinottes argue in their second special defense that "[t]he plaintiff has engaged in unfair trade practices in violation of Conn. Gen. Stat. § 42-110a et seq.[1] by utilizing an unknown `internal contract rate' to calculate the interest CT Page 6988 due, and by failing to provide Defendants with notice of how the rate was to be calculated, and by failing to provide notices of rate changes." Defendants' Answer, p. 2.
An analogous special defense was stricken in Bank of NewHaven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.), aff'd, 41 Conn. App. 908, 675 A.2d 10, cert. denied,237 Conn. 929, 677 A.2d 947 (1996) ("In their . . . special defense, the defendants allege that the plaintiff [bank] failed to give proper disclosure of how the `prime rate' was to be calculated, including what the maximum interest rate would be. . . . The defendants' . . . special defense is not a valid defense to a foreclosure action because the Bank does not have a duty to explain how the prime rate' is calculated. . . . The general rule is that when a person of mature years . . . signs or accepts a written contract . . . its contents will be imputed to him . . .").
"Where a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract, he is deemed to have assumed the risk of a mistake." Pacelli Bros. Transportation, Inc. v.Pacelli, 189 Conn. 401, 408, 456 A.2d 325 (1983).
"A foreclosure action is an equitable proceeding, and many courts, therefore, have recognized allegations of violation of CUTPA . . . as valid defenses to a foreclosure action. However, these defenses are limited to only those which attack the making, enforcement or validity of a note or mortgage." First Federal Sand L v. Chappel, Superior Court, judicial district of Tolland at Rockville, Docket No. 661212 (January 3, 1997, Rittenband, J.).
"[T]he violation of CUTPA is based upon . . . allegations [which] do not attack the making, validity, or enforcement of the note or mortgage and do not state a valid claim for violation of CUTPA. The allegations do not satisfy all the requirements of the cigarette rule that determines whether CUTPA has been violated.Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 212 (1995). Accordingly, the motion to strike the . . . special defense is granted." First Federal S and L v. Chappell, supra, Superior Court, Docket No. 661212.
"In determining whether a practice violates CUTPA, we use the [cigarette rule] criteria: (1) Whether the practice, without CT Page 6989 necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers, competitors, or other businessmen." (Internal quotation marks omitted.) Daddona v.Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988).
Furthermore, "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." (Citations omitted.) Jacobs v.Healey Ford-Subaru, 231 Conn. 707, 725-26, 652 A.2d 496 (1995).
Similarly, the Sinottes fail to allege sufficient facts in their second special defense to show a violation of CUTPA based upon actions concerning the making, validity, or enforcement of the note or mortgage note as being immoral, unethical, unscrupulous, or offensive to public policy. Therefore, Empire Mortgage's motion to strike the Sinottes' second special defense is granted.
Third Special Defense
The Sinottes argue in their third special defense that "[t]he Plaintiffs are not entitled to equitable relief because they have unclean hands in that they failed to provide the Defendants with the method which they used to calculate the rate of interest on the debt, failed to provide a proper accounting, and have violated the Connecticut Unfair Trade Practices Act." Answer, p. 2.
Empire Mortgage moves to strike this third special defense on the grounds that "(1) the Special Defense fails to attack the making, validity or enforcement of the Note or Mortgage, (2) the Defendants allege no facts as opposed to legal conclusions and (3) the Defendants have failed to state a proper claim under CUTPA." Plaintiff's Motion To Strike, p. 3. CT Page 6990
"The defendants' generalized claim of inequity does not constitute a legally sufficient defense to a foreclosure action.Petterson v. Weinstock, 106 Conn. 436, 138 A. 433 (1927)."Branford v. Monaco, 48 Conn. App. 216, 222, ___ A.2d ___ (1998).
"[T]he doctrine of unclean hands has generally been disallowed as a special defense in a foreclosure action.Mechanics and Farmers Savings Bank v. Delco Development Company,Inc., 43 Conn. Sup. 408, 656 A.2d 1075, aff'd, 232 Conn. 594,656 A.2d 1034 (1995); Milford Bank v. Barbieri, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 43315 (August 30, 1994, Curran, J.) . . ." Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.).
Similarly, the Sinottes fail to state sufficient facts to maintain a general claim of inequity. Furthermore, the Sinottes' claim of a CUTPA violation is legally insufficient as it is based on the existence of an "internal contract rate" which does not violate CUTPA as discussed in this memorandum's analysis concerning the second special defense.
Accordingly, Empire Mortgage's motion to strike the Sinottes' third special defense is granted on the ground that it fails to allege sufficient facts to preclude Empire Mortgage from the equitable remedy of foreclosure or establish a CUTPA violation.
Fourth Special Defense
The Sinottes argue in their fourth special defense that "[t]he interest rate applied by the Plaintiffs is unconscionable because there is no way to determine how the interest is calculated according to the terms of the note because the term `internal contract rate' described a rate used by previous holders of the note, and the Defendants have not provided the Plaintiffs with their method of calculating interest since they acquired the note." Defendants' Answer, p. 2.
Empire Mortgage moves to strike the fourth special defense on the grounds that "(1) [t]he Defendants allege no facts, as opposed to legal conclusions . . . and (2) the Defendants fail to state a proper claim of unconscionability." Plaintiff's Motion To Strike, p. 4.
"We first consider our standard of review of a claim of CT Page 6991 unconscionability. The question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case. . . . As applied to real estate mortgages, the doctrine of unconscionability draws heavily on its counterpart in the Uniform Commercial Code which, although formally limited to transactions involving personal property, furnishes a useful guide . . . As Official Comment 1 to § 2-302 of the Uniform Commercial Code suggests [t]he basic test is whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." (Citations omitted; internal quotation marks omitted.)Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 87-89,612 A.2d 1130 (1992). See also Iamartino v. Avallone,2 Conn. App. 119, 123, 477 A.2d 124 (1984).
"Unconscionability generally requires a demonstration of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (Citations omitted; internal quotation marks omitted.) Decorator Telephone, Inc. v. DeMato, Superior Court, judicial district of New Haven, Docket No. 366355 (September 18, 1997, Silbert, J.).
The Sinottes fourth special defense asserts that they were not provided with notice of the rate of interest that they were assuming which was held by the prior holders of the note at issue. However, based upon the foregoing legal principles, it is clear that the Sinottes fail to plead sufficient facts to make a legally sufficient claim of unconscionability. Therefore, Empire Mortgage's motion to strike the fourth special defense is granted.
Fifth Special Defense
The Sinottes argue in their fifth special defense that "[t]he Plaintiff is not entitled to enforce this note and thus lacks standing to sue on the debt because it has not alleged facts to establish that it is the holder, or that it has the rights of a holder. The Plaintiffs have merely alleged that it is now the holder and owner of the note." Answer, p. 2-3.
Empire Mortgage moves to strike the fifth special defense on the grounds that: "(1) the alleged special defense pleads no CT Page 6992 facts . . . and (2) under Conn. Gen. Stat. Sec. 42a-3-301 . . . a person who is neither a `holder' nor a `holder in due course' may enforce an instrument." Plaintiff's Motion To Strike, p. 4-5.
"This case is controlled by the version of the U.C.C. in effect at the time of the execution of the note . . . See Catinav. Catina, 26 Conn. App. 359, 601 A.2d 543 (1992)." MortgageBuyers of America v. Wolfman, Superior Court, judicial district of New London, Docket No. 519778 (January 28, 1994, Hurley, J.). "As provided by General Statutes (Rev. to 1989) § 42a-3-301
[t]he holder of an instrument whether or not he is the owner may enforce payment . . ." (Internal quotation marks omitted.) Id. "Proof of a note and failure to make payment thereon establishes a prima facia case for recovery on the note." (Citations omitted; internal quotation marks omitted.) Id.
"Having produced a copy of the note and asserted its ownership of the note, the plaintiff has made a sufficient showing that entitles it to recover on the note, unless the defendants alleges and proves valid defenses. Connecticut Bank Trust Co. v. Dadi, 182 Conn. 530, 531, 438 A.2d 733 (1980)."Centerbank v. GRI Investment Co., Superior Court, judicial district of Waterbury, Docket No. 117702 (May 12, 1994, Sylvester, J.).
"Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. . . . In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." (Citations omitted.) Shawmut Bank v. Wolfley, supra, Superior Court, Docket No. 130109. Similarly, the fifth special defense fails to allege any facts which would put the plaintiff's status to enforce the note at issue.[2] Accordingly, the plaintiff's motion to strike the fifth special defense is granted.
Therefore, based on the foregoing, Empire Mortgage's motion to strike the five special defenses of the Sinottes is granted.
WEST, J.